HARTMAN MARKOE, *Plaintiff in Error*,

*vs.*

CALVIN W. SEAVER, *Defendant in Error*.

ERROR TO ROCK COUNTY COURT.

A copy of a promissory note, constituting the cause of action, being endorsed on, and served with the declaration, becomes a part thereof.

The non-joinder of defendants must be pleaded in abatement, and cannot be taken advantage of on the trial of the general issue.

This was an action of assumpsit commenced in the County Court of Rock county, by the plaintiff in error against the defendant in error, by the filing and service of a declaration. The declaration was in the common counts, and on the back of the same was a notice that the plaintiff would rely upon, and give in evidence, as his only cause of action, a promissory note, a copy of which was given, and which was in the words and figures following:

"$268.66.            "New York, Aug. 19, 1853.

"Six months after date, we, the subscribers, of Findley, county of Hancock, State of Ohio, promise to pay to the order of Braxton & Markoe, two hundred and sixty-eight 66-100 dollars at          value received.

" C. W. SEAVER & Co."

Endorsed " Pay to the order of Hartman Markoe.

" BRAXTON & MARKOE."

To which the defendant pleaded the general issue.

On the trial, the plaintiff offered in evidence the note, a copy of which was endorsed on the declaration; which was objected to, on the ground that the

note disclosed a joint liability of Seaver with some <span>Dec. Term 1853.</span> other person to pay the said note, and therefore the note would not support the action under the declaration. The Court sustained the objection taken by the defendant, rejected the evidence, and rendered judgment of nonsuit against the plaintiff, to which the plaintiff excepted, and brought his writ of error.

<span>Markoe vs. Seaver.</span>

*Tallman & Parker*, for the plaintiff in error, filed the following brief:

In action *ex contractu*, the nonjoinder of a contractor as defendant, can only be taken advantage of by plea in abatement. It is immaterial that the fact of nonjoinder is presented by the evidence of the plaintiff. 3 *Law Reporter, N. S.* 410; *Cocks vs. Brewer*, 11 *M. & S.* 51; *Rice vs. Shultz*, 2 *Burr.* 2611; *Abbott vs. Smith*, 2 *W. Black.* 695; 1 *Pet.* 311; 1 *B. & Ald.* 29; 17 *J. R.* 169; 7 *Cow.* 316; 9 *id.* 44; 15 *S. & R.* 150; 2 *Bibb*, 442; 1 *Fairf.* 240; 2 *id.* 127; 10 *Pet.* 298; 3 *How. Miss.* 78; 1 *Hill*, 476; 6 *id.* 135; 4 *Watts & S.* 54.

*M. H. Carpenter*, for the defendant in error.

This case presents a single question. Can a note signed by A. & B. as joint contractors be given in evidence under the money counts in a suit against A., where suit is commenced by declaration and a copy of said note is served therewith?

1. The rule of the common law, that when a declaration counts upon any specific contract or indebtedness, as to which another ought to have been made defendant, the nonjoinder must be taken advantage of by plea in abatement, is not questioned. But we say this rule of pleading was founded upon obvious rea-

Dec. Term
1853.

Markoe
vs.
Seaver.
sons, and does not apply to cases where the reasons upon which it rests do not exist. A defendant must have a time during the progress of a suit to avail himself of every defence. The defence must be interposed at the proper time, ánd if *dilatory*, must be interposed at the *earliest possible time.*

The declaration in this case was against the defendant alone, counting an indebtedness from defendant to plaintiff, but not specifying what indebtedness. The declaration had nothing to warn the defendant that the note offered in evidence at the trial, was the foundation of the plaintiff's claim. A plea in abatement must therefore have been directed against counts which were faultless. The defendant could not plead to the evidence, and a plea thus directed would have been bad on demurrer.

*Anon* 19 *Wend.* 226, *and note* ; *Loomis vs. Bartlett*, 4 *Vt. Rep.* 450. The defendant took his objection, therefore, at the earliest possible time.

2. It may be said that our Statute, p. 503, sec. 10, makes the service of a copy of the note with the declaration, equivalent to a special count thereon. From this doctrine we also dissent. That statute only applies to those cases where different parties to a note, as makers and endorsers, are made defendants. *Butler vs. Rawson*, 1 *Denio*, 105.

This statute does not, therefore, benefit the plaintiff in error. He must stand upon, or fall before the principles of the common law.

*By the Court,* Smith, J. The same principle is involved in this case, as that decided by this court in *Cooper vs. Blood*, (*ante* 62). We held, in the latter case, that where a copy of the note was endorsed

upon the declaration, and served therewith, as the

cause of action upon which the plaintiff claims, such copy becomes a part of the declaration, and that the defendant might plead thereto any defence to the note, and that the plaintiff would be confined to the cause of action thus set out. After a careful review of that decision, we are satisfied of its entire correctness. The declaration is a statement of the plaintiff's cause of action. In cases of this kind, the statute prescribes the mode by which such cause of action may be stated, and when stated according to such mode, the statement becomes the declaration. Instead of setting forth the cause of action by a special count upon the promissory note, the formula of the common counts may be used, and a copy of the note endorsed and served. But the common counts in such cases do not set out the cause of action, for the note a copy of which is served, is expressly alleged to be the only cause; and when so set out, the statute makes it sufficient. To hold the note so served with the declaration, as constituting a part of it, is not only in accordance with sound reason, but essential to the rights of the defendant.

- The object of the declaration is, to apprize the defendant of the precise matter of complaint against him. That which truly accomplishes this function indicating with sufficient certainty the facts to be proved in its support, whatever may be its form, is in reality, and should be held to be, the declaration. The common counts, without the note, do not inform the defendant of the precise cause of action, when the suit is brought on the note solely ; but when a copy of the note is endorsed with a statement, that the note is the only cause of action, the requisite preci-

sion is attained, the defendant is informed of the precise nature of the complaint, and the proof indicated by which it is to be supported. It is not material to inquire whether this mode is an improvement. The statute makes it equivalent to a special count upon the note, the purpose of which it serves, and the copy thus endorsed and served should be considered as much a part of the declaration, as the special count for which it is substituted, and whose functions it performs.

In no philosophical view can we confound the office of the declaration, with the mere forms which have been, and are in current use. That must be considered the declaration, which states the cause of action, and whatever form the legislature may prescribe in which such statement may be made, when it is so made, it becomes the substance, essence and quality of the declaration itself. Nor, should the office of the note served with the declaration under the statute, be confounded with that of a bill of particulars. The latter does not become evidence; it constitutes none of facts to support the declaration; it is no part of the promise on which the count is based; it is neither the contract, nor the evidence of it. Hence it is well holden, that it does not form a part of the count, nor become a part of the record.

Holding, therefore, that the copy of the note endorsed and served with the declaration, became and was a part of it, the note was admissible in evidence, and advantage of the nonjoinder should have been taken by plea in abatement.

The judgment of the court below is reversed, and the cause remanded for a new trial.