| 66 | 133 |
| 92 | 482 |

| 66 | 133 |
| 105 | 426 |
| 105 | 427 |

EASTLAND, Appellant, vs. FOGO and another, Respondents.

*March 2 — May 15, 1886.*

HIGHWAYS: DEDICATION. *(1) Evidence: Village plat. (2) Acts and declarations of former owner. (3) Purchaser bound by dedication.*
APPEAL TO S. C. *(4) What matters reviewable.*

1. In an action for a trespass upon land which the defendant claimed was a public street, it was not error to admit in evidence the plat of the village merely to show the situation of the premises and to enable the jury to get a better idea of the locality.
2. In order to show that a strip of land adjoining a village plat, but not included therein, had been dedicated to the public as a street, it may be shown that the former owner sold lots marked on the plat and abutting on such strip, and that he represented to the purchasers that the strip was a public street and charged more for the lots because they abutted on such street.
3. If the owner of lands dedicated a strip for a public highway and the same was accepted and used by the public as such, a subsequent purchaser of the lands will be bound by such dedication.
4. In a common-law case tried by a court and jury, the supreme court can review only exceptions to rulings appearing on the record.

APPEAL from the Circuit Court for *Richland* County.

Action for a trespass to land. The answer alleges that the *locus in quo* was a public street. The plaintiff claims title under a conveyance from one Haseltine, executed in 1864. Other facts will appear from the opinion and from the report of the former appeal. 58 Wis. 274. The plaintiff appeals from the judgment entered upon a verdict for the defendants.

For the appellant there was a brief by *H. A. Eastland & Son*, and oral argument by *Mr. A. C. Eastland.*

For the respondents there was a brief by *Miner & Berryman*, and oral argument by *Mr. Berryman.*

The following opinion was filed March 16, 1886:

Cole, C. J.    One can learn the nature of this action on referring to 58 Wis. 274.    On the last trial a number of rulings were made by the learned circuit court which are assigned for error.    It is said the court erred in allowing Haseltine's plat of the village of Richland Center to be introduced in evidence.    This plat was offered merely to show the situation of the premises, and to enable the jury to get a better idea of the locality.    It was restricted to this purpose, the court saying that it was no evidence of the dedication of the *locus in quo* for a public street.    It seems to us the plaintiff could not have been prejudiced by the admission of the plat for the purpose to which it was restricted.    Besides, it does not appear that any exception was taken to the ruling holding the plat admissible to show the situation of the premises.

The next error assigned is that the court erred in permitting *Wesley Fogo* and J. L. Fogo to testify as to the acts of the village board.    There is no proper exception to the admission of this evidence even.    It appears that these witnesses testified, in substance, but not strictly in response to questions asked, that they made application to the village board to remove the obstruction, and that the board ordered it removed.    This testimony was objected to after it was given, but no motion was made to strike it out.    Assuming that the answers of the witnesses were incompetent, there is no exception which brings the question as to the admissibility of the testimony before us.

The next error assigned is in permitting witnesses to testify to the acts and declarations of Haseltine regarding the

premises where the alleged trespass was committed being a public street. These declarations and acts all relate to a time when Haseltine was the owner of the property. The object of this testimony was to show a dedication of the premises by the owner for a highway. That the owner of land may dedicate the same to the public use by parol, and by acts which show a deliberate appropriation of it to such use, is a doctrine too well established to require discussion. See *Gardiner v. Tisdale*, 2 Wis. 152, and note 14, V. & B. Ed. p. 449. "The vital principle of dedication is the intention to dedicate,— the *animus dedicandi*,— and whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, has been made." Angell on Highways, § 142. The testimony was of persons who went with Haseltine in 1856, or before that time, to lots 2 and 3, block 42,— on a plat used on the trial to show the situation of the premises,— and who said that Haseltine pointed out these lots as being corner lots, and represented that there was a street called Union street abutting the block on the north. One of the witnesses, William Janney, said he purchased lots 2 and 3 of Haseltine as corner lots, and was required to pay more for them on account of having the advantage of a street on both sides. This was the character of the testimony which was offered to show dedication of a strip on the north of block 42, by the owner, for a public street. It is very plain that such acts and declarations afford strong, if not conclusive, proof of dedication. It is true Haseltine contradicts these witnesses, and denies that he made any such representations. But the credibility of the witnesses was a matter for the consideration of the jury. The only question we have to deal with is as to the competency of such proof to show dedication by the owner. And it is very clear that dedication may be shown by such acts *in pais* as well as by deed. *Persons v. Burdick*, 6 Wis. 63, to which plaintiff referred us, has no application to this case.

It is further said that the court erred in admitting Mathers' deposition in evidence because it was largely "made up of his opinions." Mathers purchased lots 2 and 3 of William Janney, in February, 1859, and lived upon them for five years. He testified that there was a street on the north side of these lots which he and the public used for a highway. Evidence of the character and duration of the use of a street by the public and individuals is proper proof of dedication. We do not understand that this witness states his opinion as to the use and existence of the street, but testifies to facts. It is clear that if there was an actual dedication by Haseltine of this strip as and for a public highway while he owned the premises, and it was accepted and used by the public as such, it was not necessary to show a further dedication by the plaintiff, or that he recognized the rights of the public in it after he purchased in 1864.

The charge of the court is in harmony with these views, and seems to fairly submit all questions of fact upon the evidence. The jury were told that the defendants claimed that the lane was a public highway; consequently that they had the right to remove the fence, doing no unnecessary damage to the material. On the question of dedication the jury were in effect instructed that if Haseltine, while he owned the premises, did, by words and acts, dedicate the strip as a public highway, and the public accepted it before the plaintiff became the owner, the dedication was good. And the court added: "In order to constitute a valid dedication to the public of a highway by the owner of the soil, there must be an intention on the part of the owner to dedicate it, and it must appear from the evidence that there was an absolute dedication of the way to public use. The owner of the soil must not only intend to dedicate the land as a highway, but the public must accept the dedication in order to constitute a public highway. To constitute such acceptance, it is not necessary that the officers of the town or village should formally accept the gift

in behalf of the public, but travel by the public, to such an extent and for such a length of time as to show that the public convenience and accommodation require the road, is a sufficient acceptance; but, in order to constitute a dedication, it must clearly appear from the evidence that the strip claimed to be a highway was used by the public as a public highway, with the knowledge and assent of the owner of the soil." Though a portion of this charge was excepted to by the plaintiff, yet we see nothing in it prejudicial to his rights.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was made by the appellant. The following opinion was filed May 15, 1886:

COLE, C. J. On the motion for a rehearing the court is asked to decide whether or not, at the time of the alleged trespass, the *locus in quo* was a highway; if so, to define the extent of such highway and the rights of the parties in respect to it. The jury have found upon the evidence that the *locus* was a public highway. There is abundant testimony to sustain that finding. As to the extent of this highway there is no exception in the record which will justify the court in expressing an opinion on that question, or of entering upon such a discussion. It ought not to be necessary to remind intelligent counsel that in common-law cases which are tried by a court and jury this court can only review exceptions to rulings appearing on the record, and can properly consider no other matter. The issue made by the pleadings was whether or not the *locus* was a public highway. Evidence was offered on the part of the plaintiff to show that it was not, but was a part of his inclosure. On the part of the defendants, evidence was given to show that it was a highway, and this testimony prevailed with

the jury; so that question is definitively decided by the tribunal whose province it was to determine it. In the above opinion our views are expressed upon all the errors assigned, and we do not deem it necessary to say anything further in the case.

*By the Court.*— The motion for a rehearing is denied.

See note to this case in 27 N. W. Rep. 161.— REP.