¶ 1.
PATIENCE DRAKE ROGGENSACK, C.J.
This appeal comes before the court on certification by the court of appeals.[1] Margaret Pulera (Pulera) appeals dismissals of the petitions for certiorari review of highway orders recorded in Rock[2] and Walworth[3] Counties. The issue certified is: what event triggers the thirty-day period under Wis. Stat. § 68.13(1) (2013-14)[4] during which certiorari review may be obtained for a town board's highway order. To address this issue, we must interpret the terms of § 68.13(1), the statute affording certiorari review, in accord with Wis. Stat. § 82.15, the statute governing appeals of highway orders.[5]
¶ 2. We conclude that the thirty-day period during which certiorari review is available for a town board's highway order to lay out, alter or discontinue a highway *680 begins to run on the date that the highway order is recorded by the register of deeds.[6] This interpretation best comports with the language and structure of Wis. Stat. § 68.13 and Wis. Stat. § 82.15. And, in addition, it provides aggrieved persons and parties a date certain for commencement of the thirty-day period during which judicial review of a highway order is available.
f 3. Pulera's petitions were filed within thirty days of the dates on which the highway orders were recorded by the registers of deeds. Accordingly, we reverse the circuit courts' orders granting the town boards' motions to dismiss Pulera's petitions and remand for certiorari review in either Walworth County Circuit Court or Rock County Circuit Court, as the parties may agree.[7]
I. BACKGROUND
f 4. The relevant facts in the present case are brief and uncontested. The dispute arises from changes to an intersection located at the county line between Rock and Walworth Counties. Specifically, the intersection is located where County Highway M crosses North County Line Road. Without notifying the Town of Richmond, the Rock County Highway Department made changes to this intersection. To facilitate these changes, the Rock County Highway Department had to discontinue two existing roads.
*681 ¶ 5. On September 9, 2014, the Town of John-stown (Rock County) and the Town of Richmond (Wal-worth County) held a joint meeting. At the meeting, both town boards retroactively approved changes to the intersection that the Rock County Highway Department had already completed. This required the town boards to approve construction of a new intersection as well as discontinuance of portions of former highways.[8]
f 6. On October 3, 2014, the Richmond Town Board recorded its highway order with the Walworth County Register of Deeds. The order memorialized changes approved at the joint meeting of the town boards. The Johnstown Town Board followed a month later by recording its highway order with the Rock County Register of Deeds on November 3, 2014.
¶ 7. On November 3, 2014, Pulera filed a certio-rari petition in Walworth County Circuit Court that sought review of the Town of Richmond's highway order altering the intersection and discontinuing portions of the highway. Similarly, on December 1, 2014, Pulera filed a certiorari petition in Rock County Circuit Court seeking judicial review of the Town of Johnstown's highway order approving alterations to the same highway and intersection.
¶ 8. On January 23, 2015, each town filed a motion to dismiss Pulera's certiorari action.[9] The towns alleged that Pulera's petitions were untimely because neither petition was filed within thirty days of Pulera's *682 receipt of the towns' decision to alter the highway as they alleged is required by Wis. Stat. § 68.13.[10]
f 9. Rock County Circuit Court dismissed Pul-era's action as untimely. The court reasoned that the thirty-day period during which certiorari review may be sought for a highway order commenced when Pulera received actual notice of the vote of the Johnstown Town Board. The circuit court rejected Pulera's argument that the thirty-day period commenced when the register of deeds recorded the town board's highway order.
¶ 10. The Walworth County Circuit Court also dismissed Pulera's claim as untimely. Unlike the Rock County Circuit Court, the Walworth County Circuit Court concluded that the thirty-day period for seeking certiorari review commenced with the town board's vote. The Walworth County Circuit Court also dismissed the claim for improper venue because a portion of the highway is exclusively in Rock County.[11]
¶ 11. The court of appeals consolidated the cases on appeal and certified them for our review. We now reverse.
*683 II. DISCUSSION
A. Standard of Review
¶ 12. The present case requires us to interpret and apply Wis. Stat. § 68.13 and Wis. Stat. § 82.15. Statutory interpretation and application present questions of law that we review independently, while ben-efitting from the circuit courts' analyses. Marder v. Bd. of Regents of Univ. of Wis. Sys., 2005 WI 159, ¶ 19, 286 Wis. 2d 252, 706 N.W.2d 110.
B. Statutory Construction, General Principles
¶ 13. "Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute." State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. Accordingly, "statutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" Id., ¶ 45 (quoting Seider v. O'Connell, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id. (citing Bruno v. Milwaukee Cty., 2003 WI 28, ¶¶ 8, 20, 260 Wis. 2d 633, 660 N.W.2d 656).
¶ 14. "Context is important to meaning." Id., ¶ 46. For this reason, "statutory language is interpreted in the context in which it is used; not in isolation *684 but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id. (citing State v. Delaney, 2003 WI 9, ¶ 13, 259 Wis. 2d 77, 658 N.W.2d 416). Arid, we interpret statutes in such a way as to give effect to each word. Id. ("Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." (citing State v. Martin, 162 Wis. 2d 883, 894, 470 N.W.2d 900 (1991)).
f 15. "Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." Id. (citing Bruno, 260 Wis. 2d 633, ¶ 20). "The test for ambiguity generally keeps the focus on the statutory language: a statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." Id., ¶ 47 (citing Bruno, 260 Wis. 2d 633, ¶ 19).
f 16. It is within this framework that we interpret and apply the time limits of Wis. Stat. § 68.13(1) as affected by Wis. Stat. § 82.15.
C. Wisconsin Stat. § 68.13
f 17. Wisconsin Stat. § 68.01 governs appeals from many types of municipal administrative decisions.[12] It provides:
Any person having a substantial interest which is adversely affected by an administrative determination of a governing body, board, commission, committee, agency, officer or employee of a municipality or agent acting on behalf of a municipality as set forth in s. 68.02, may have such determination reviewed as provided in this chapter.
*685 Wisconsin Stat. § 68.13(1) provides further guidance: "Any party to a proceeding resulting in a final determination may seek review thereof by certiorari within 30 days of receipt of the final determination." A person aggrieved by a highway order has the same right of appeal. Wis. Stat. § 82.15. Accordingly, a person or party who receives a final adverse determination from a municipal administrative body has thirty days from its receipt to appeal. However, when a determination is "final" and when a party is in "receipt" of such a determination are not defined. These words can become particularly opaque in the context of highway orders issued under Wis. Stat. § 82.12.[13]
1 18. Under Wis. Stat. § 82.03(l)(a), a "town board shall have the care and supervision of all highways under the town's jurisdiction." However, a town board that decides to lay out, alter or discontinue a highway must follow the specific statutory requirements detailed in Wis. Stat. ch. 82. Furthermore, there are two ways in which a town board may lay out, alter or discontinue a highway. First, a town board, on its own initiative, can introduce a resolution to lay out, alter or discontinue a highway. Wis. Stat. § 82.10(3). Alternatively, town residents may petition their town board to "lay out, alter, or discontinue any highway." Wis. Stat. § 82.12(10).
f 19. Under either method, a town board is required to provide notice to various landowners and governmental bodies. See Wis. Stat. §§ 82.10(3)[14] & *686 (4).[15] In addition, a town board is required to hold a public hearing to decide whether creating, altering or discontinuing a highway is in the public interest. Wis. Stat. § 82.11(1) ("At the time and place stated in the notice under s. 82.10, the town board shall hold a public hearing to decide, in its discretion, whether granting the application or resolution is in the public interest.").
¶ 20. Pursuant to Wis. Stat. § 82.12(2), a town board must issue a "highway order" if it decides to grant a petition or approve a resolution to lay out, alter or discontinue a highway. The vote of a town board, in and of itself, does not create a highway order; rather, a "highway order" is a document that is statutorily described in regard to the particulars the document must include.[16] Wis. Stat. § 82.01(3). In addition, to give effect to a highway order, the town board is required to take several delineated steps. Wisconsin Stat. § 82.12 provides:
*687 The highway order shall be recorded with the register of deeds for the county in which the highway is or will be located and shall be filed with the town clerk. The town clerk shall submit a certified copy of the order to the county highway commissioner. If the town has an official map, the order shall be incorporated into the official map.
Wis. Stat. § 82.12(2).
¶ 21. A person aggrieved by a highway order has the right to seek judicial review of a town board's highway order. Wisconsin Stat. § 82.15 provides: "Any person aggrieved by a highway order, or a refusal to issue such an order, may seek judicial review under s. 68.13. If the highway is on the line between 2 counties, the appeal may be in the circuit court of either county." Wis. Stat. § 82.15.
¶ 22. If a person or party is aggrieved by a highway order, they may seek review of the order using the certiorari process outlined in Wis. Stat. § 68.13(1). However, a person or party aggrieved by a highway order is subject to the same thirty-day period during which review may be sought, as are others who seek certiorari review under § 68.13(1).
¶ 23. A "final determination" by the town is a condition precedent to certiorari review under Wis. Stat. § 68.13.[17] In addition, Wis. Stat. ch. 82 provides that a highway order must be issued when a town decides to lay out, alter or discontinue a highway. Wis. Stat. § 82.12(2). It is the highway order that "contains *688 a legal description of what the order intends to accomplish and a scale map of the land affected by the order." Wis. Stat. § 82.01(3).
¶ 24. In addition, it is the recording by the register of deeds that gives public notice of the town board's decision. Public notice is important because there may be persons aggrieved by the town board's decision that were not aware of it. And, the legislature has recognized the importance of this function of the register of deeds. For example, Wis. Stat. § 840.11 governs petitions to alter streets, parks, and other public places. It provides no "order, judgment or decree or final resolution or order taking or affecting such land .. . shall be notice to any subsequent purchaser or encumbrancer unless a certified copy thereof, containing a legal description... of the land affected thereby, and accompanied with a map showing the location thereof, is recorded in the office of the register of deeds of the county in which the land is situated." § 840.11(2); see also Wis. Stat. § 107.25.
¶ 25. Moreover, when real estate is bought or sold, it is to the records of the register of deeds that one looks in a title search for restrictions on land. One purpose recording in the register of deeds is to ensure the public has notice of any changes to real property that occur. See generally, Wis. Stat. § 59.43 (2015-16). Therefore, a town's decision in regard to laying out, altering or discontinuing a highway is not final until the register of deeds records the town's highway order.
¶ 26. Furthermore, the precise geographic location of the highway in its new form is not provided to the public until the register of deeds records the town's highway order. See Wis. Stat. § 82.12(2) ("If the town has an official map, the [highway] order shall be incorporated into the official map."). Persons seeking to *689 appeal a town's decision laying out, altering or discontinuing a highway may not know the metes and bounds description of the new form of the highway before it is recorded by the register of deeds.[18] Therefore, the triggering event for judicial review of a highway order cannot commence prior to the public being notified of the precise characteristics of the order, i.e. until the register of deeds records it. It would be imprudent to expect persons or parties to make a reasoned decision about whether to seek certiorari review without a precise, recorded highway order. And, for this reason, we generally require a written order from which to appeal. See generally, Ramsthal Advertising Agency v. Energy Miser, Inc., 90 Wis. 2d 74, 75, 279 N.W.2d 491 (Ct. App. 1979) ("An order, to be appealable, must be in writing and filed." (citation omitted)); Helmrick v. Helmrick, 95 Wis. 2d 554, 556, 291 N.W.2d 582 (Ct. App. 1980).
¶ 27. Beginning the thirty-day period on the date on which the register of deeds records the order also gives effect to the word "receipt" in the phrase "receipt of the final determination" in Wis. Stat. § 68.13(1). The register of deeds recording a highway order gives the public receipt of the proposed highway alteration.
¶ 28. The practical benefits of concluding that recording the highway order starts the thirty-day period for judicial review are significant. Specifically, it provides a clear and definite triggering event for com *690 mencement of the thirty-day period.[19] And, persons and parties seeking certiorari review of a highway order easily can ascertain the start of that thirty-day period. The deadline for filing a certiorari petition will be the same for all, and factual disputes as to the date by which a certiorari action should have been filed will be less frequent.
¶ 29. Accordingly, a person or party seeking cer-tiorari review of a town board's decision to lay out, alter or discontinue a highway must file the petition for certiorari review within thirty days of the register of deeds recording the highway order. This triggering event for finality and receipt of the highway order is consistent with the language and context of the relevant statutes.[20]
*691 D. Circuit Court Interpretations of Wis. Stat. § 68.13
¶ 30. The Walworth County Circuit Court and Rock County Circuit Court each reached a different conclusion when interpreting Wis. Stat. § 68.13 in the context of this highway order. Each court's interpretation, while understandable, is ultimately, unpersuasive.
¶ 31. The Walworth County Circuit Court concluded that the appeal period during which a certiorari action may be filed starts when a town board votes to lay out, alter or discontinue a highway. The court concluded that "receipt of a final determination" under Wis. Stat. § 68.13(1) occurs when the town board votes. Accordingly, persons and parties would have thirty days from the board's vote laying out, altering or discontinuing a highway during which to commence a certiorari review of the town board's decision.
f 32. However, this interpretation is inconsistent with the plain language of Wis. Stat. § 68.13 and Wis. Stat. § 82.12. The vote of a town board is not what is appealable under Wis. Stat. § 82.15. It is a highway order that is appealable. Every town board vote will not result in a highway order, e.g., when a town board votes against laying out, altering or discontinuing a highway. Wis. Stat. § 82.12(3). In addition, the circuit court's interpretation reads the word "receipt" out of § 68.13 because persons and parties are not in "receipt" of the highway order when the board votes.
f 33. Moreover, there would be significant practical difficulties with beginning the period for judicial *692 review with a town board vote. Notably, Wis. Stat. § 82.12 does not contain a requirement that an aggrieved person or party be present at the vote. And, even though a party may be present at the board meeting where a vote is taken, there is nothing to suggest that a person who is aggrieved, but not present at the town board meeting, would have any way of receiving notice of a town board's vote. However, as discussed above, the register of deeds' recording of the highway order does provide receipt by public notice of laying out, altering or discontinuing a highway.
¶ 34. The Rock County Circuit Court concluded that the thirty-day period for an appeal was triggered by actual notice of the board's decision. However, this interpretation does not give effect to each word in the relevant statutes insofar as it reads the word "receipt" and "final determination" out of Wis. Stat. § 68.13(1). See Kalal, 271 Wis. 2d 633, ¶ 46 ("Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." (citing Martin, 162 Wis. 2d at 894)).
¶ 35. A town board issues a highway order which the register of deeds records. Wis. Stat. § 82.12(2). But nothing in the statutes requires a town board to provide interested persons with a copy of the highway order. Therefore, no person or party is statutorily required to be in "receipt" of a town board's final determination other than the town clerk, the county highway commissioner and the register of deeds. Wis. Stat. § 82.12(2).
f 36. Moreover, a person or party may receive actual notice that there will be changes to the highway before the highway order is filed with the register of deeds or incorporated into the official map of the town due to filing with the town clerk. Wis. Stat. § 82.12(2) *693 ("The highway order shall be recorded with the register of deeds for the county in which the highway is or will be located and shall be filed with the town clerk. The town clerk shall submit a certified copy of the order to the county highway commissioner. If the town has an official map, the order shall be incorporated into the official map."). Choosing alternate places in which a highway order is filed could result in inconsistent dates as triggering events for the thirty-day period during which certiorari review under Wis. Stat. § 68.13 is available.
f 37. Neither the Walworth County Circuit Court's nor the Rock County Circuit Court's interpretation fully comports with the language of Wis. Stat. § 68.13 in the context of Wis. Stat. § 82.15. Therefore, as explained above, we reject those interpretations and conclude that the thirty-day period during which judicial review of a highway order may be commenced starts on the date that the register of deeds records the highway order.
E. Timeliness of Pulera's Petitions
¶ 38. In the present case, both of Pulera's petitions were timely filed.[21] Each petition was filed in circuit court within thirty days of the dates on which registers of deeds recorded each highway order. The Richmond Town Board's order was recorded by the Walworth County Register of Deeds on October 3, 2014. And, within the thirty-day period for filing a certiorari action, on November 3, 2014, Pulera filed a *694 petition for certiorari review of the highway order in Walworth County Circuit Court.[22]
¶ 39. Likewise, Pulera's petition for certiorari review in Rock County Circuit Court was timely filed. The register of deeds recorded the Town of Johnstown's highway order on November 3, 2014, and Pulera timely filed a petition for certiorari review in Rock County Circuit Court on December 1, 2014.
III. CONCLUSION
¶ 40. Accordingly, we conclude that the thirty-day period during which certiorari review is available for a town board's highway order to lay out, alter or discontinue a highway begins to run on the date that the highway order is recorded by the register of deeds. This interpretation best comports with the language and structure of Wis. Stat. § 68.13 and Wis. Stat. § 82.15. And, in addition, it provides aggrieved persons and parties a date certain for commencement of the thirty-day period during which judicial review of a highway order is available.
¶ 41. Pulera's petitions were filed within thirty days of the dates on which the highway orders were recorded by the registers of deeds. Accordingly, we *695 reverse the circuit courts' orders granting the town boards' motion to dismiss Pulera's petitions and remand for certiorari review in either Walworth County Circuit Court and Rock County Circuit Court, as the parties may agree.
By the Court.—The orders of the circuit courts are reversed and the cause is remanded.[23]
¶ 42. DANIEL KELLY, J., did not participate.

 Pulera v. Town of Richmond and Town of Johnstown, Nos. 2015AP1016 and 2015AP1119, unpublished certification (Wis. Ct. App. Dec. 23, 2015).

 The Honorable Barbara W. McCrory presided.

 The Honorable Phillip A. Koss presided.

 All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

 In Dawson v. Town of Jackson, 2011 WI 77, 336 Wis. 2d 218, 801 N.W.2d 316, we acknowledged the problems caused by the interplay of Wis. Stat. § 68.13 and Wis. Stat. § 82.15. The legislature may wish to consider revisiting these statutory provisions.

 Both towns issued highway orders. Accordingly, we need not address when the deadline begins to run when an individual seeks to appeal a town board's refusal to issue a highway order.

 If the parties do not agree on which circuit court shall conduct the certiorari review, it shall be conducted in Walworth County Circuit Court.

 The actions of the Rock County Highway Department are not at issue in the present case. They were the subject of Pulera v. Coopman, No. 2013AP322, unpublished slip op. (Wis. Ct. App. Nov. 13, 2013) petition for review denied 2014 WI 50, 354 Wis. 2d 863, 848 N.W.2d 859.

 On February 27, 2015, Pulera moved to consolidate the two actions in Walworth County Circuit Court. The Walworth County Circuit Court did not address Pulera's motion. Pulera *682 later filed a motion to consolidate in Rock County Circuit Court; it also did not address the motion. The court of appeals consolidated the cases before certifying Pulera's appeals to us.

 The towns argued that the petition filed in Rock County should be dismissed pursuant to Wis. Stat. § 802.06(2)(a)10., another action pending between the same parties for the same cause. The issue was not addressed by the circuit court, and was not properly developed before this court. Accordingly, we do not address it.

 We observe that when an intersection is on the county line that separates two counties, venue is proper in either county. See Wis. Stat. § 82.15. Accordingly, venue is proper in Walworth County. And, therefore, the Walworth County Circuit Court incorrectly dismissed Pulera's action for improper venue.

 A town is defined as a municipality under Wis. Stat. § 68.04.

 The interplay between these two statutes renders each ambiguous. However, nothing in the legislative history provides helpful guidance in ascertaining the meaning of these provisions.

 This section provides:
*686 Upon receipt of an application under sub. (1) or the introduction of a resolution under sub. (2), the board shall provide notice of the time and that the place where it will meet to consider the application or resolution. The notice shall contain a legal description of the highway to be discontinued or of the proposed highway to be laid out or altered and a scale map of the land that would be affected by the application or resolution.
Wis. Stat. § 82.10(3).

 A town board "shall publish a class 3 notice under ch. 985" and is required to notify "owners of record lands through which the highway may pass," and the "owners of record of all lands abutting the highway" among others, pursuant to Wis. Stat. § 82.10(4).

 "Highway order" is statutorily described as "an order laying out, altering, or discontinuing a highway or a part of a highway, that contains a legal description of what the order intends to accomplish and a scale map of the land affected by the order." Wis. Stat. § 82.01(3).

 Wisconsin Stat. § 68.12 explains when a determination is final under municipal administrative proceedings. However, municipal authorities do not have Wis. Stat. § 68.11 hearings when considering whether to issue highway orders, and therefore this provision is inapplicable here.

 Of course, notice pursuant to Wis. Stat. § 82.10 provides similar information prior to the hearing. However, the information provided is subject to change at the hearing or at any time prior to the recordation of the highway order by the register of deeds. For this reason, notice given antecedent to the hearing may not provide individuals with this information.

 As the court of appeals explained:
There are several positive aspects to this interpretation. First, it creates a certiorari filing date that is the same for all potential petitioners. Second, the date of recording will normally be easy to establish from the record. Third, the recording of the highway order creates a wide potential for notice to potential petitioners, because this is a place that attorneys and others will know to check for land records. Fourth, at the time it is recorded, the highway order will be in its final legal form, thus allowing potential petitioners to fully evaluate its effects and decide whether to seek judicial review.
Pulera v. Town of Richmond and Town of Johnstown, Nos. 2015AP1016 and 2015AP1119, unpublished certification (Wis. Ct. App. Dec. 23, 2015).

 A different triggering event must apply when a town board votes not to lay out, alter or discontinue a highway. In such a case, the town will not issue a highway order, so there will be nothing to record. Also, different provisions govern finality of such a decision. See Wis. Stat. § 82.12(3) ("The determination not to issue a highway order shall be final for one year. No application to lay out, alter, or discontinue a *691 highway shall be filed within one year from the date of a determination not to issue a highway order covering the highway or portion of the highway covered in the refused application.").

 We assume without deciding that Pulera was aggrieved by the highway orders.

 Although the action was filed 31 days after October 3, 2014, it falls within the thirty-day filing deadline because the thirtieth day, November 2, 2014, was a Sunday. See Wis. Stat. § 801.15(l)(b) ("Notwithstanding ss. 985.09 and 990.001(4), in computing any period of time prescribed or allowed by chs. 801 to 847, by any other statute governing actions and special proceedings, or by order of court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a day the clerk of courts office is closed.").

 Justice Annette Kingsland Ziegler and Justice Michael J. Gableman join this opinion. Justice Rebecca Grassl Bradley joins only the mandate of reversal.