PER CURIAM.
¶1 Leith Holdings, LLC appeals from a circuit court order granting summary judgment to Wisconsin Power & Light Company (WP&L). Leith claimed that WP&L inversely condemned its property by placing utility infrastructure (electric transformers and power lines) on what Leith claimed were private roads on its property. We agree with the circuit court that WP&L's utility infrastructure was placed on public roads as shown in an 1894 recorded plat because that plat made a statutory dedication to the public of the roads at issue. We affirm.
¶2 The facts are essentially undisputed. Leith's property is located in the Village of Williams Bay. In 2013, Leith recorded a deed to eight of fourteen lots in Hanson's Addition to Williams Bay. Hanson's Addition was created by a plat recorded on March 26, 1894 (the 1894 Plat). Leith's deed also purported to convey areas on the plat identified as Bay View Avenue, the eastern thirty-three feet of Hanson Street, and an alley (collectively "the roads"). In March 2014, Leith discovered that WP&L had placed electric transformers and power lines on the roads. The dispute focuses on whether the roads were dedicated to the public by the 1894 plat or were private property included within the 2013 conveyance to Leith and upon which WP&L could not place utility infrastructure without recognizing Leith's private property rights.
¶3 On summary judgment, the circuit court agreed with WP&L that the 1894 plat dedicated the roads to the public. The court concluded that the 1894 plat substantially complied with the applicable statutes and demonstrated the requisite intent to dedicate the roads to the public. Leith appeals.
¶4 We review the circuit court's grant of summary judgment de novo, and we apply the same methodology employed by the circuit court. Brownelli v. McCaughtry , 182 Wis. 2d 367, 372, 514 N.W.2d 48 (Ct. App. 1994). "We independently examine the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law." Streff v. Town of Delafield , 190 Wis. 2d 348, 353, 526 N.W.2d 822 (Ct. App. 1994).
¶5 As stated, the material facts are essentially undisputed. We turn to the legal significance of the 1894 plat. The interpretation of a written instrument presents a question of law that we decide independently of the circuit court. Cohn v. Town of Randall , 2001 WI App 176, ¶5, 247 Wis. 2d 118, 633 N.W.2d 674. As a threshold matter, we note that Leith concedes that the 1894 plat is not defective. Therefore, the issue is whether the recorded plat was sufficient to make a statutory dedication of the roads.
¶6 Roads can be dedicated for public purposes. Id. , ¶6. " 'Dedication is defined to be the act of giving or devoting property to some proper object, in such a way as to conclude the owner. ' " Id. (citation omitted). "Statutory dedication consists in whatever conduct is prescribed by statute, which usually requires the execution and filing of a plat in accordance with local law." Id.
¶7 WISCONSIN STAT. § 2263 (1889)[1] applied to the 1894 plat. That statute provided:
When any map shall have been made, certified, signed, acknowledged and recorded as above in this chapter prescribed, every donation or grant to the public or any individual or individuals, religious society or societies, or to any corporation, marked or noted as such, on said plat or map, shall be deemed in law and in equity a sufficient conveyance to vest the fee simple of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes, a general warranty against such donor or donors, their heirs and representatives, to the said donee or donees, grantee or grantees, for his, her or their use, for the uses and purposes therein expressed and intended, and no other use or purpose whatever; and the land intended to be for the streets, alleys, ways, commons or other public uses as designated on said plat, shall be held in the corporate name of the town, city or village in which such plat is situated, in trust to and for the uses and purposes set forth, expressed and intended. Such map or the record thereof, or a certified copy of such record, shall be presumptive evidence of the truth of the facts therein stated in accordance with the provisions of this chapter.
¶8 As stated, the parties agree that the 1894 plat complied with the statutes in effect at the time it was filed with regard to its required content and the manner in which it was recorded. WIS. STAT. §§ 2260-2261. The plat was accompanied by the required certificate of the surveyor. Section 2261. The 1894 plat identifies what is now Geneva Street as a public highway.[2] The plat does not further describe as either public or private the other roads appearing upon the plat. Leith argues that the foregoing was insufficient to work a statutory dedication of the roads. We agree with the circuit court and WP&L that the foregoing was sufficient to work a statutory dedication.
¶9 We have considered the extensive briefing in this appeal.[3] The following cases lead us to conclude that the roads appearing on the 1894 plat were statutorily dedicated to the public: McKenzie v. Haines , 123 Wis. 557, 102 N.W. 33 (1905), City of Superior v. Northwestern Fuel Co. , 164 Wis. 631, 161 N.W. 9 (1917), and Cohn .
¶10 In McKenzie , the issue was whether the property owner demonstrated via a deed an intent to dedicate a street for public use. McKenzie , 123 Wis. at 560-61. No plat was involved. Nevertheless, in discussing the manner in which a public highway can be created, the court observed that "[a] public highway may be created by the making and recording of a plat, in conformity with ch. 101, Stats. 1898, with the highway or street indicated thereon, and when this is done no act on the part of the public is necessary to make it a public highway." Id. at 560 (citing WIS. STAT. § 2263).
¶11 In Superior , the court determined that the plat and surveyor's certificate, taken together, constituted compliance with the statute governing statutory dedication. Superior , 164 Wis. at 639-40 (discussing WIS. STAT. §§ 2260-61).
¶12 The 1894 plat complied with the statutes in effect at the time it was filed. Id. The recorded 1894 plat indicated the plat creator's intent or "animus dedicandi"[4] to dedicate public roads and signifies the Village of Williams Bay's acceptance of the dedicated roads. Cohn , 247 Wis. 2d 118, ¶6 ("Intent to dedicate to the public use is an essential component of ... statutory ... dedication, since the municipality cannot accept that which is not offered in the first instance."). The plat, having been made and recorded with the roads indicated, worked a statutory dedication of the roads. McKenzie , 123 Wis. at 560.
¶13 We find further support for our conclusion that the 1894 plat worked a statutory dedication in the fact that the plat was recorded in the register of deeds. Recording the plat gave notice to the public of matters affecting the land. See Pulera v. Town of Richmond , 2017 WI 61, ¶25, 375 Wis. 2d 676, 896 N.W.2d 342.
¶14 Leith argues that the unlabeled roads on the plat cannot be deemed dedicated to the public.[5] The presence or absence of a label on the roads is not dispositive. The statutory dedication only required compliance with WIS. STAT. §§ 2260-2263. Superior , 164 Wis. at 639-40 ; McKenzie , 123 Wis. at 560. By designating roads on the 1894 plat and recording the plat and the surveyor's certificate, the plat maker made a statutory dedication of the roads.
¶15 Leith claims that its deed included the eastern thirty-three feet of Hanson Street. Hanson Street appears on the 1894 plat. Our holding that the 1894 plat worked a statutory dedication of the roads appearing on the plat disposes of this claim.
¶16 The status of the 1894 plat has not changed since it was filed. The plat worked a statutory dedication to the public of the roads identified on it. We affirm the circuit court's dismissal of Leith's claims against WP&L arising out of Leith's erroneous view that the roads were private property subject to a conveyance by deed.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 1889 version unless otherwise noted.

In the plat, the public highway is denominated "Williams Bay and Lake Geneva Public Highway."

We have considered all of the arguments in the briefs. However, we only discuss those arguments necessary to our decision. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) (we are not bound to the manner in which the parties have structured or framed the issues). Arguments not mentioned or discussed are deemed rejected. Id.

Eastland v. Fogo , 66 Wis. 133, 135, 27 N.W.2d 159 (1886).

As stated in footnote 2, one road on the 1894 plat is labeled a public highway. The other roads are not labeled either private or public on the plat.