Linda ACEVEDO, Plaintiff-Appellant,

v.

CITY OF KENOSHA, Defendant-Respondent,

CITY OF KENOSHA ZONING BOARD OF APPEALS,
Defendant.

Court of Appeals

*No. 2010AP70. Submitted on briefs September 16, 2010.
—Decided December 22, 2010.*

2011 WI App 10

(Also reported in 793 N.W.2d 500.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Aaron N. Halstead* and *David C. Zoeller* of *Hawks Quindel, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William K. Richardson*, assistant city attorney of Kenosha.

Before Neubauer, P.J., Anderson and Reilly, JJ.

¶ 1. ANDERSON, J.  On September 23, 2009, Linda Acevedo filed a certiorari action in Kenosha county circuit court. The action named only the City of Kenosha as the defendant. The City moved to dismiss Acevedo's lawsuit on the basis that the action failed to state a claim for which relief could be granted. In particular, the City argued that Acevedo's claim should have been against the City of Kenosha Zoning Board of Appeals, which, the City contends, is a separate body politic. The City further asserted that the City was not a proper party to the action. After the City filed its motion to dismiss, Acevedo amended her complaint to add the Board as a defendant. Following briefing and oral argument, the court granted the City's motion to dismiss and an order to that effect was entered by the court on November 23, 2009. Acevedo appeals the circuit court's order dismissing the City as a party to her action in certiorari. Because the circuit court correctly determined that the City is not a proper party to the suit, we affirm.

¶ 2.  Acevedo is a state licensed child day care center operator. In March 2007, Acevedo began operating a child day care center in the lower unit of a

two-family residential dwelling "zoned RG-1 General Residential District within the meaning of Section 3.08 of the Zoning Ordinance for the City of Kenosha" and located at 3823 10th Avenue, Kenosha, Wisconsin. The property is owned by Acevedo's mother, Rose M. Franceschi. Neither Acevedo nor Franceschi reside at the property.

¶ 3. In April 2009, Acevedo sought to obtain a license from the state to operate a second child day care center in the upper unit of the property. Beatrice Riojas, a licensing supervisor from the Wisconsin Department of Children and Families (WDCF), contacted Paula Blise, the City of Kenosha Zoning Coordinator, with concerns about licensing another child day care center at the same residential property. Riojas's inquiry, on behalf of WDCF, for the first time alerted the City of Kenosha Department of Neighborhood Services and Inspections that Acevedo was seeking a license from WDCF to operate a child day care center in the upper unit of the property.

¶ 4. Blise informed Acevedo that the child day care center in the lower unit and the proposed child day care center in the upper unit violated the City of Kenosha zoning ordinance. After informing Acevedo, Blise—by letter dated May 20, 2009—notified the property owner, Franceschi, of the zoning ordinance violation. Blise also notified Franceschi of the penalties for failing to comply with the included directive to cease and desist all day care activities at the property by May 30, 2009.

¶ 5. On or about July 9, 2009, Acevedo filed a request for an administrative appeal with the City of Kenosha Zoning Board of Appeals. The matter came before the Board for an evidentiary hearing on August 13, 2009. After testimony and evidence was received,

the Board affirmed the interpretation of the City's zoning ordinance by the zoning administrator and the Department of Neighborhood Services and Inspections. On August 25, 2009, the Board ordered that Acevedo cease and desist all day care operations at the property and remove a ground sign on the property.

¶ 6. Thereafter, on September 23, 2009, Acevedo filed a certiorari action in Kenosha county circuit court which initially named only the City and later was amended to name the City and the Board. The City successfully moved to dismiss Acevedo's lawsuit on the basis that the action failed to state a claim for which relief could be granted.

██

¶ 7. Whether a complaint states a claim upon which relief can be granted presents a question of law. *Weber v. City of Cedarburg*, 129 Wis. 2d 57, 64, 384 N.W.2d 333 (1986). We review questions of law without deference to lower courts. *See id.* Because Acevedo's action comes to this court on appeal from a motion to dismiss for failure to state a claim, only the allegations made within the complaint are relevant to our decision. *See id.* In *Torres v. Dean Health Plan, Inc.*, 2005 WI App 89, ¶ 6, 282 Wis. 2d 725, 698 N.W.2d 107, we recapped our well-settled standard of review:

> A motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. All facts pleaded and reasonable inferences that may be drawn from such facts are accepted as true, but only for purposes of testing the complaint's legal sufficiency. Nevertheless, legal inferences and unreasonable inferences need not be accepted as true. A complaint should not be dismissed as legally insufficient unless it appears certain that a plaintiff cannot recover under any circumstances. (Citations omitted.)

¶ 8. Certiorari is an extraordinary remedy by which courts exercise supervisory control over inferior tribunals, quasi-judicial bodies and officers. *See State ex rel. Gaster v. Whitcher*, 117 Wis. 668, 671–73, 94 N.W. 787 (1903); *see also State ex rel. Sahagian v. Young*, 141 Wis. 2d 495, 499, 415 N.W.2d 568 (Ct. App. 1987). Certiorari is used to test the validity of decisions made by administrative or quasi-judicial bodies. *See Winkelman v. Town of Delafield*, 2000 WI App 254, ¶ 3, 239 Wis. 2d 542, 620 N.W.2d 438. The scope of certiorari extends to questions of jurisdiction, power and authority of the inferior tribunal to do the action complained of as well as questions relating to the irregularity of the proceedings. *Id.*, ¶ 5.

¶ 9. Acevedo appeals the circuit court's order dismissing the City as a party. The issue on appeal is whether the City is the proper party for a writ of certiorari challenging a decision of the Board. The City contends that Acevedo's complaint sounding in certiorari cannot compel any action from the City and, as such, fails to state a claim against the City.

¶ 10. Acevedo points to *City News & Novelty, Inc. v. City of Waukesha*, 231 Wis. 2d 93, 604 N.W.2d 870 (Ct. App. 1999), and *Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 558 N.W.2d 100 (1997), for the proposition that a "certiorari plaintiff may properly name only the municipality itself as a defendant in an action challenging the final actions of a board created by that municipality."

¶ 11. We agree with the City that both *City News* and *Lake City* are distinguishable. In neither case did the issue of the propriety of naming the municipality arise; thus, while these cases name only the municipality, they are distinguishable. *See State ex rel. Kulike v.*

*Town Clerk*, 132 Wis. 103, 104, 111 N.W. 1129 (1907) (where the court, in referring to *State ex rel. Hewitt v. Graves*, 120 Wis. 607, 98 N.W. 516 (1904), stated that "the question of whether the writ was properly directed or not was neither raised nor considered, therefore the case cannot be regarded as authority upon the question").

¶ 12.  Additionally, both *City News* and *Lake City* clearly indicate that a review was made of the decision of the inferior tribunal. City News applied for renewal of its license. *City News*, 231 Wis. 2d at 101. The common council passed a resolution one month later finding that City News had committed several code violations and, therefore, denied its renewal application. *Id.* City News requested review of the resolution and the common council affirmed the decision. *Id.* at 102. City News next sought administrative review, and the City of Waukesha Administrative Review Appeals Board affirmed the common council's decision. *Id.* City News then filed a certiorari action in the circuit court seeking judicial review of the denial of its license renewal application. *Id.* The circuit court affirmed the City of Waukesha Administrative Review Appeals Board's determination. City News appealed. *Id.*

¶ 13.  In *Lake City*, the City of Mequon sought review of a published decision of the court of appeals which reversed and remanded a judgment of the circuit court. *Lake City*, 207 Wis. 2d at 157. The court of appeals held that, under WIS. STAT. § 236.13(1)(c) (1991–92),[1] a local master plan is consistent with an official map only to the extent the master plan reflects issues encompassed in the official map. *Lake City*, 207

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

Wis. 2d at 157–58. Accordingly, the court of appeals held that Mequon's plan commission improperly denied preliminary plat approval to Lake City Corporation on the grounds that the plat conflicted with an element contained only in the master plan. *Id.* at 158. The supreme court concluded that, under § 236.13(1)(c) (1991–92), a master plan is consistent with an official map if any common elements contained in both the master plan and official map are not contradictory. *Lake City*, 207 Wis. 2d at 158. It further concluded that a master plan is consistent with an official map even if the master plan contains additional elements that the official map does not. *Id.* It therefore held that a city plan commission may rely on an element contained solely in a master plan to reject plat approval. *Id.* Thus, the supreme court reversed the decision of the court of appeals. *Id.*

¶ 14.   Again, while *City News* and *Lake City* do indeed name only the municipality, we deem it significant that in neither case did the issue of the propriety of naming the municipality arise. Given this distinction, neither case aids in our analysis.

¶ 15.   Looking for other support, Acevedo contends in her brief that the statutory mechanism under which she took her appeal was that provided in the city planning statute, WIS. STAT. § 62.23(7)(e)10.; however, Acevedo's complaint fails to allege that it is an action under § 62.23(7)(e)10. It instead alleges that it is an action brought pursuant to the judicial review statute, WIS. STAT. § 68.13. In any case, as with *City News* and *Lake City*, Acevedo's position is not bolstered by the language in either statute.

■

¶ 16.   Looking first at the city planning statute, WIS. STAT. § 62.23(7)(e)10. provides:

Any person or persons, jointly or severally aggrieved by any decision of the board of appeals, or any taxpayer, or any officer, department, board or bureau of the municipality, may, within 30 days after the filing of the decision in the office of the board of appeals, commence an action seeking the remedy available by certiorari. The court shall not stay proceedings upon the decision appealed from, but may, on application, on notice to the board of appeals and on due cause shown, grant a restraining order. The board of appeals shall not be required to return the original papers acted upon by it, but it shall be sufficient to return certified or sworn copies thereof. If necessary for the proper disposition of the matter, the court may take evidence, or appoint a referee to take evidence and report findings of fact and conclusions of law as it directs, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify, the decision brought up for review.

This same statute, in a later subdivision, provides:

Costs shall not be allowed *against the board* unless it shall appear to the court that the *board acted* with gross negligence or in bad faith, or with malice, *in making the decision appealed from.*

Sec. 62.23(7)(e)14. (emphasis added). Thus, the language of § 62.23, rather than lend support to Acevedo's argument, gives credence to the City's. It clearly and unambiguously conveys that the mechanism for an appeal of a board of appeals decision is an action in certiorari for review of the board's decision. Likewise, Acevedo's reliance on WIS. STAT. § 68.13(1) goes nowhere. It, too, conveys that the decision maker, i.e., the board, is the properly named party on certification; why else would the court be instructed to "remand to the decision maker"?:

Any party to a proceeding resulting in a final determination may seek review thereof by certiorari within 30 days of receipt of the final determination. The court may affirm or reverse the final determination, or remand to the decision maker for further proceedings consistent with the court's decision.

¶ 17.  This statutory interpretation is in harmony with the rule that the writ of certiorari must go to the board or body whose acts are to be reviewed, otherwise the court cannot obtain jurisdiction either of the subject matter or the persons composing the board. *See Kulike*, 132 Wis. at 105. That said, we do note two exceptions to this rule, though Acevedo's situation does not fit either:  (1) "where specially provided by statute, or in particular cases of necessity, as where the board or body whose acts are sought to be reviewed is not continuing or has ceased to exist," *see id.*; *see also Weber v. Dodge Cnty. Planning & Dev. Dep't*, 231 Wis. 2d 222, 225–26, 604 N.W.2d 297 (Ct. App. 1999), and (2) when service requirements are ambiguous and there is an absence of a clear statutory identity of the board or body, *see Weber*, 231 Wis. 2d at 227–28. We agree with the City that neither exception applies in this instance.

¶ 18.  Here, regardless of which statute Acevedo hangs her hat on, the language of both WIS. STAT. §§ 62.23(7)(e)10. and 68.13(1) conveys that the decision maker, i.e., the board, is the properly named party on certification when the board, as was the case here, made the decision from which Acevedo seeks judicial review by certiorari.

¶ 19.  Acevedo also cites to *Driehaus v. Walworth County*, 2009 WI App 63, 317 Wis. 2d 734, 767 N.W.2d 343, and *Marris v. City of Cedarburg*, 176 Wis. 2d 14, 498 N.W.2d 842 (1993), for the proposition that certio-

227

rari review of a board's determination may be sought "against both a municipality and its board or commission." Again, as in *City News* and *Lake City*, the issue of who is the proper party was not before the court. For the reasons discussed earlier, we reject these cases as authoritative on this issue.

¶ 20.  Finally, Acevedo cites to *Pleva v. Norquist*, 195 F.3d 905 (7th Cir. 1999), for the argument[2] that "[i]f the chair of a zoning board of appeals can be removed at the pleasure of a city's mayor . . . the board's existence depends on its parent municipality to such a degree that it hardly seems possible that such a board is truly a separate political body."

¶ 21.  *Pleva* is readily distinguishable on its facts. There, Pleva filed a claim in federal district court for the Eastern District of Wisconsin under 42 U.S.C. § 1983, alleging that Mayor Norquist's politically motivated decisions to reassign the position of chairperson and not to reappoint Pleva to the Milwaukee Board of Zoning Appeals violated Pleva's First and Fourteenth Amendment rights. *Pleva*, 195 F.3d at 910. Pleva also filed a claim under the ADEA, 29 U.S.C. § 621, alleging that the failure to reappoint him was due to his age. *Pleva*, 195 F.3d at 910–11. Finally, Pleva filed state law claims for breach of contract, tortious interference with contract, defamation, conspiracy to injure reputation, and civil conspiracy. *Id.* at 911. The district court

---

[2] Acevedo makes other arguments in her appellate brief. We have identified the main issues raised, and we address only those issues. *See Libertarian Party v. State*, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (appellate court need not address issues that "lack sufficient merit to warrant individual attention"); *State v. Waste Mgmt., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").

dismissed Pleva's federal claims and state contract claims under F.R.C.P. 12(b)(6) for failure to state a claim. *Pleva*, 195 F.3d at 911.

¶ 22.  Thus, Pleva's case bears no resemblance to Acevedo's case. Moreover, *Pleva*—a federal case and therefore only persuasive authority—is distinguishable for the same reason the state cases are:  there was no issue litigated over whether the city was a proper party and any comments about how a zoning board of appeals and a city are intertwined are, at most, dicta.

¶ 23.  Finally, to further underscore the vain position Acevedo takes, we note that the City, through the office of its city attorney, prosecuted the case against Acevedo before the Board.

■

¶ 24.  The circuit court correctly understood the distinction between the City and the Board. The circuit court properly dismissed the City as a defendant in this action on the ground that Acevedo should have commenced her certiorari action against the City of Kenosha Zoning Board of Appeals, not against the City.

*By the Court.*—Order affirmed.