GUNDRUM, J.
*681 ¶ 1 Nancy Zelman appeals pro se from the circuit court's grant of summary judgment to the Town of Erin, Plan Commission of the Town of Erin and Town Board of the Town of Erin (collectively "Respondents"). Zelman claims the court erred in granting summary judgment on the bases that the Town is not a proper party and her amended certiorari complaint was not timely filed. We agree the Town is *682 not a proper party and was properly dismissed, but we conclude the amended complaint was timely filed and, therefore, summary judgment was improperly granted in favor of the Plan Commission and Town Board. Thus, we affirm in part, reverse in part, and remand to the circuit court for further proceedings.
Background
¶ 2 On May 2, 2016, the Plan Commission approved a conditional use permit (CUP) for Zelman's neighbor to open a wine business. Zelman appealed that decision to the Town Board. During a September 19, 2016 hearing on the appeal, at which Zelman was present, two members of the board voted in favor of a motion to deny the CUP and two members voted against the motion, resulting in a failure of the motion.
¶ 3 According to an affidavit of Zelman, between September 19, 2016, and October 10, 2016, she "spoke in person, or via *224 telephone" to the clerk for the Town, "continually requesting a copy of the final CUP"
and was informed by [the clerk] that said CUP was not finalized and signed by all required parties. That Town Board Chair Dennis Kenealy (who also serves as Chair of Defendant Plan Commission), signed said CUP on 22 September, 2016. See Plaintiff's Exhibit #13). [Zelman] was also informed by [the clerk] that Chair Kenealy could not allow said CUP to be filed with and be recorded in the Office of the Register of Deeds for Washington County, Wisconsin until the applicant ... would come in to the Town of Erin office, and sign said CUP.... [The applicant's] signature was not obtained until 3 October, 2016 (see Plaintiff's Exhibit 13); and that the Secretary of the Defendant [Plan] Commission did not sign said CUP until 6 October 2016 (see Plaintiff's Exhibit 13). [Zelman] was also told by [the clerk], *683 sometime before 6 October, 2016 ... the need for some clarification of some facts and "discrepancies" pertinent to said CUP.... That [the clerk] informed [Zelman] at each conversation that there was no final CUP to forward [Zelman]. Then [the clerk] personally called [Zelman] on or about 10 October, 2016 and informed [Zelman] that the CUP had now been finalized and signed by all required parties, and had been forwarded to the Register of Deeds, Washington County, Wisconsin for recording, and that [Zelman] could come in to the Erin Town Hall and have a copy of said CUP made, when said recorded CUP was received back by the Town of Erin clerk. [Zelman] called the Register of Deeds of Washington County, Wisconsin on 11 October, 2016 and was told that said CUP was duly recorded on 10 October, 2016 and [Zelman] then went directly to the Register of Deeds of Washington County, Wisconsin and obtained a certified copy of said CUP on 11 October, 2016.
Exhibit 13 of Zelman's affidavit is a copy of the CUP recorded by the register of deeds. As Zelman stated in her affidavit, it was signed by Kenealy on September 22, the applicant on October 3, and the secretary of the Plan Commission on October 6, and was recorded with the register of deeds for the county on October 10.
¶ 4 On October 12, 2016, Zelman filed a certiorari action naming the Town of Erin as the only defendant. Following the filing of a motion to dismiss by the Town, asserting Zelman had named the wrong party in that the "Town" had not issued the CUP, Zelman filed an amended complaint on November 9, 2016, adding the Plan Commission and Town Board as defendants. Respondents filed another motion to dismiss, arguing the amended complaint was not timely *684 under WIS. STAT. § 68.13(1) (2015-16)[1] because it had been filed more than thirty days after the September 19, 2016 Town Board vote on the motion to deny the CUP. The circuit court converted the motions into ones for summary judgment and afforded the parties opportunity to submit additional materials. The court subsequently granted Respondents' motions on the bases they asserted. Zelman appeals.
Discussion
¶ 5 We review de novo a grant of summary judgment, applying the same standards as the circuit court. Smith v. Dodgeville Mut. Ins. Co. , 212 Wis.2d 226, 232, 568 N.W.2d 31 (Ct. App. 1997). Summary *225 judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Green Spring Farms v. Kersten , 136 Wis.2d 304, 315, 401 N.W.2d 816 (1987).
The Town
¶ 6 Zelman argues the circuit court erred in dismissing her claim against the Town on the basis that it was not a proper party. Respondents disagree, asserting Zelman's amended complaint fails to state a claim upon which relief may be granted as to the Town because the Town was not a proper party in that it "issued no decisions or determinations in the instant case." Respondents are correct.
¶ 7 Whether Zelman's amended complaint fails to state a claim against the Town upon which relief *685 may be granted because the Town is not a proper party, see M & I Marshall & Ilsley Bank v. Town of Somers , 141 Wis.2d 271, 285, 414 N.W.2d 824 (1987) (holding that appellant "failed to state a claim upon which relief may be granted" because it "failed to name the proper party"), is a legal question we review independently, see John Doe 1 v. Archdiocese of Milwaukee , 2007 WI 95, ¶ 12, 303 Wis.2d 34, 734 N.W.2d 827.
¶ 8 Relying on our decision in Acevedo v. City of Kenosha , 2011 WI App 10, ¶¶ 1, 6, 331 Wis.2d 218, 793 N.W.2d 500 (2010), the circuit court here properly dismissed Zelman's action against the Town. The plaintiff in Acevedo originally filed a certiorari action against only the municipality, the city, pursuant to WIS. STAT. § 68.13(1). That provision states:
Any party to a proceeding resulting in a final determination may seek review thereof by certiorari within 30 days of receipt of the final determination. The court may affirm or reverse the final determination, or remand to the decision maker for further proceedings consistent with the court's decision.
The city moved to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted because the city was not a proper party. The city asserted the plaintiff instead should have named the city's zoning board of appeals as the defendant because it was the board that had affirmed an interpretation of the city's zoning ordinance by the zoning administrator that was detrimental to the plaintiff. Acevedo , 331 Wis.2d 218, ¶¶ 1, 6, 793 N.W.2d 500. The plaintiff subsequently amended her complaint to add the board as a defendant. Id. The circuit court eventually granted the city's motion to dismiss it as a party. Id. , ¶ 1.
*686 ¶ 9 On appeal, we expressed:
Certiorari is an extraordinary remedy by which courts exercise supervisory control over inferior tribunals, quasi-judicial bodies and officers. Certiorari is used to test the validity of decisions made by administrative or quasi-judicial bodies. The scope of certiorari extends to questions of jurisdiction, power and authority of the inferior tribunal to do the action complained of as well as questions relating to the irregularity of the proceedings.
Id. , ¶ 8 (citations omitted). We concluded that WIS. STAT. § 68.13(1)"convey[s] that the decision maker, i.e., the board, is the properly named party on certification when the board, as was the case here, made the decision from which [the plaintiff] seeks judicial review by certiorari." Acevedo , 331 Wis.2d 218, ¶ 18, 793 N.W.2d 500. This interpretation, we added, "is in harmony with the rule that the writ of certiorari must go to the board or body whose acts are to be reviewed, otherwise the court cannot obtain jurisdiction either of the subject matter or the persons composing *226 the board." Id. , ¶ 17. We noted that there are two exceptions to this rule:
(1) "where specially provided by statute, or in particular cases of necessity, as where the board or body whose acts are sought to be reviewed is not continuing or has ceased to exist" ... and (2) when service requirements are ambiguous and there is an absence of a clear statutory identity of the board or body.
Id. (citations omitted). We observed that neither of those exceptions applied in that case. Id.
¶ 10 Acevedo controls our decision on this issue. Here, the Town was not a tribunal, quasi-judicial body, administrative body or officer, see id. , ¶ 8, and none of *687 the exceptions of Acevedo apply. The Plan Commission and Town Board-not the "Town"-made the actual decisions from which Zelman seeks judicial review by certiorari. The circuit court correctly determined that the Town is not a proper party.
The Plan Commission and Town Board
¶ 11 Zelman filed her amended complaint, adding the Plan Commission and Town Board as parties, on November 9, 2016. The circuit court concluded the filing was untimely because the court believed the thirty-day limitation period of WIS. STAT. § 68.13(1) began to run on September 19, 2016, when Zelman was present at the hearing at which the Town Board voted two-to-two on the motion to deny the CUP. Consistent with the circuit court's ruling, Respondents take the position that Zelman was in "receipt of the final determination," under § 68.13(1), on the CUP at that hearing. They point out that under WIS. STAT. § 68.07,[2] "a determination subject to [ WIS. STAT. ch.] 68 can be 'made orally' or 'in writing.' " Pointing to our supreme court's recent decision in Pulera v. Town of Richmond , 2017 WI 61, 375 Wis.2d 676, 896 N.W.2d 342, Zelman *688 insists the "final determination" on the CUP was not made until it was recorded with the register of deeds on October 10, 2016, and her amended complaint was timely filed because the thirty-day limitation period did not begin to run until that date. We conclude Zelman's amended complaint was timely filed, but not for the reason she states.
¶ 12 In addressing this timeliness issue, we must interpret and apply WIS. STAT. ch. 68, a matter of law we review independently of the circuit court. See State v. Simmelink , 2014 WI App 102, ¶ 5, 357 Wis.2d 430, 855 N.W.2d 437. When interpreting a statute, our primary purpose is to give effect to the legislature's intent. State ex rel. Angela M.W. v. Kruzicki , 209 Wis.2d 112, 121, 561 N.W.2d 729 (1997). "We first look to the language of the statute, and if the language is clear and unambiguous, we define the language of the statute in accordance with its ordinary meaning." Id.
¶ 13 The legislature used the terms "determination," "initial determination," and "final determination" in various places throughout WIS. STAT. ch. 68. Under WIS. STAT. § 68.13(1), the thirty-day limitation period for certiorari review begins to run *227 when a party to a proceeding that results in a "final determination" is in "receipt of the final determination." Thus, § 68.13(1) specifically relates to a "final determination," not just any "determination."
¶ 14 Other than WIS. STAT. § 68.13, WIS. STAT. § 68.12 is the only section in WIS. STAT. ch. 68 that uses the term "final determination." Section 68.12 identifies what sort of a determination constitutes a "final determination." See Pulera , 375 Wis.2d 676, ¶ 23 n.17, 896 N.W.2d 342 (noting that § 68.12 explains when a determination is "final" for purposes of § 68.13 ). Subsection 68.12(1)
*689 states: "Within 20 days of completion of the hearing conducted under [ WIS. STAT. §] 68.11 and the filing of briefs, if any, the decision maker shall mail or deliver to the appellant its written determination stating the reasons therefor. Such determination shall be a final determination ." (Emphasis added.) Subsection 68.12(2) states: "A determination following a hearing substantially meeting the requirements of [§] 68.11 or a decision on review under [ WIS. STAT. §] 68.09 following such hearing shall also be a final determination ."[3] (Emphasis added.)
¶ 15 WISCONSIN STAT. § 68.09, together with WIS. STAT. §§ 68.07 and 68.08, provide that a person aggrieved by an oral or written determination may have that determination reviewed by request, and if such a request is made, "the determination to be reviewed shall be termed an initial determination." Following a review of the oral or written initial determination,
[t]he municipal authority may affirm, reverse or modify the initial determination and shall mail or deliver to the person aggrieved a copy of the municipal authority's decision on review , which shall state the reasons for such decision. The decision shall advise the person aggrieved of the right to appeal the decision, *690 the time within which appeal shall be taken and the office or person with whom notice of appeal shall be filed.
Sec. 68.09(5) (emphasis added). "[M]ail[ing] or deliver[ing]" a "copy" of the "decision on review," "which shall state the reasons for such decision" and "advise the person aggrieved" of the right to appeal, time limit, and to whom the appeal is to be made is referring to a tangible item-that can be copied and mailed or delivered-not an oral decision made while the aggrieved person is present in the room. See id. In light of the foregoing, we conclude that the oral vote of the Town Board at the September 19, 2016 hearing did not constitute a "final determination" under WIS. STAT. § 68.13(1), triggering the thirty-day limitation period, because the vote does not satisfy any of the WIS. STAT. § 68.12 descriptions of "final determination."
¶ 16 Significantly, our supreme court in Pulera recently addressed whether an oral vote by a town board constituted "receipt of the final determination" under WIS. STAT. § 68.13(1), albeit in the context of a favorable vote for a highway order pursuant to WIS. STAT. § 82.12. Pulera , 375 Wis.2d 676, ¶ 17, 896 N.W.2d 342. The circuit court in that case, similar to the circuit court here, had concluded "that 'receipt of a final determination' under § 68.13(1) occurs when the town board votes," and thus the thirty-day limitation period for certiorari review *228 began at that time. Pulera , 375 Wis.2d 676, ¶ 31, 896 N.W.2d 342. On appeal, the Pulera court soundly rejected this interpretation stating:
The vote of a town board is not what is appealable under WIS. STAT. § 82.15. It is a highway order that is appealable.... [T]he circuit court's interpretation *691 reads the word "receipt" out of § 68.13 because persons and parties are not in "receipt" of the highway order when the board votes.
Pulera , 375 Wis.2d 676, ¶ 32, 896 N.W.2d 342.
¶ 17 Respondents assert Pulera does not control here because this case does not involve the statutory provision related to a highway order, WIS. STAT. § 82.12. However, we do not know how one can read the above-cited language and conclude that Zelman was in "receipt of the final determination" simply because she was present at the time the Town Board orally voted on the CUP.[4]
¶ 18 We also take note of the legislature's choice of words for WIS. STAT. § 68.13(1). Under this subsection, a party desiring judicial review by certiorari of a final determination must seek such review within thirty days of "receipt" of the final determination. No doubt someone can be considered to have "received" an oral message, for example, "Did you receive word that ...?" Nonetheless, "receipt" seems an unlikely word choice if the legislature intended that an oral vote at a public hearing-which might well be attended by no one-would constitute a final determination. "Receipt" as used here seems more consistent with a requirement that the party seeking review actually comes into physical possession of a tangible item, such as a "decision maker['s] ... written determination,"
*692 WIS. STAT. § 68.12(1), or "a copy of the municipal authority's decision on review," WIS. STAT. § 68.09(5).[5] In short, had the legislature intended an oral vote to trigger the thirty-day limitation period of § 68.13(1), we believe it would have used a different choice of words than "receipt" of "the final determination."
¶ 19 While we have concluded Zelman's presence at the September 19, 2016 Town Board vote itself did not constitute her "receipt of the final determination" for purposes of triggering the thirty-day limitation period, we must still determine whether the filing of her amended complaint on November 9, 2016, was nonetheless untimely. To this end, Zelman, relying heavily on Pulera , insists the thirty-day period did not begin to run until the CUP was recorded with the county register of deeds, which is what the Pulera court determined to be the triggering event in *229 the context of a highway order. See Pulera , 375 Wis.2d 676, ¶ 32, 896 N.W.2d 342.
¶ 20 Here is where the specific highway order/ WIS. STAT. ch. 82 context of Pulera affects our analysis. The Pulera court determined in that context that "receipt of the final determination," the triggering *693 event for the thirty-day limitation period of WIS. STAT. § 68.13(1), occurs when the register of deeds records the highway order. Pulera , 375 Wis.2d 676, ¶¶ 29, 37, 896 N.W.2d 342. As Respondents point out, that holding was heavily driven by the interplay of ch. 82 and § 68.13(1). See Pulera , 375 Wis.2d 676, ¶¶ 18-26, 896 N.W.2d 342. We distinguish Pulera from the case now before us on this point.
¶ 21 WISCONSIN STAT. § 82.15 specifically authorizes persons aggrieved by the issuance of or refusal to issue a highway order to "seek judicial review under [ WIS. STAT. §] 68.13." Section 82.15 makes no suggestion that any other provisions of WIS. STAT. ch. 68 are to be considered. Thus, the Pulera court understandably relied heavily upon the interplay of § 68.13(1) and WIS. STAT. ch. 82 provisions when considering the meaning of "receipt of the final determination" in § 68.13(1). Pulera , 375 Wis.2d 676, ¶¶ 1-2, 23, 26, 30-37, 896 N.W.2d 342. Looking to ch. 82, the Pulera court observed that
nothing in the statutes requires a town board to provide interested persons with a copy of the highway order. Therefore, no person or party is statutorily required to be in "receipt" of a town board's final determination other than the town clerk, the county highway commissioner and the register of deeds. WIS. STAT. § 82.12(2).
Pulera , 375 Wis.2d 676, ¶ 35, 896 N.W.2d 342.
¶ 22 The case now before us does not involve WIS. STAT. ch. 82, but only WIS. STAT. ch. 68, and thus, we consider the meaning of "receipt of the final determination" in light of only the provisions of ch. 68. As previously indicated, the relevant ch. 68 provisions do "statutorily require" that (1) the "decision maker" in an administrative appeal under WIS. STAT. § 68.11"mail or deliver" its written determination to the person who *694 sought the appeal or (2) the municipal authority making a decision on review under WIS. STAT. § 68.09"mail or deliver" to the aggrieved person a copy of its decision. Thus, in this context, the thirty-day limitation period of WIS. STAT. § 68.13(1) begins when the relevant person "recei[ves]" the "mail[ed] or deliver[ed]" written determination or copy of the decision on review, not when the CUP is recorded with the register of deeds.
¶ 23 Putting all their eggs in the basket of their erroneous position that Zelman was in "receipt of the final determination" as to the CUP when the Town Board voted on September 19, 2016, and Zelman happened to be in attendance, Respondents make no attempt to persuade us that any other event might have constituted Zelman's "receipt of the final determination." Zelman, however, submitted affidavits in which she avers that between September 19, 2016, and October 10, 2016, she "spoke in person, or via telephone" to the Town clerk "continually requesting a copy of the final CUP" and was informed by the clerk "that said CUP was not finalized and signed by all required parties." Zelman also avers that the Town chairman, the applicant for the CUP, and the secretary of the Plan Commission did not sign the CUP until September 22, October 3, and October 6, 2016, respectively. Moreover, with her affidavits, Zelman attached exhibits, including a copy of the CUP which contains the notarized signatures for each of the above persons on the dates Zelman indicates.
*230 ¶ 24 Zelman further avers that the clerk informed her "at each conversation that there was no final CUP to forward" to Zelman and that on or about October 10, 2016, the clerk
*695 personally called [Zelman] ... and informed [her] that the CUP had now been finalized and signed by all required parties, and had been forwarded to the Register of Deeds, Washington County ... for recording, and that [Zelman] could come in to the Erin Town Hall and have a copy of said CUP made [after the] recorded CUP was received back by the Town of Erin clerk.
Zelman adds in her affidavit that she called the register of deeds on October 11, 2016, confirmed that the CUP had been recorded on October 10, 2016, and "then went directly to the Register of Deeds of Washington County ... and obtained a certified copy of said CUP on 11 October, 2016." The copy of the CUP Zelman provided contains a certification indicating it was recorded on October 10, 2016, which certification is signed by the "Register of Deeds or Deputy" and indicates it was certified as a true and correct copy on October 11, 2016.
¶ 25 Based upon all of the foregoing, we conclude that the earliest date at which Zelman possibly could be considered to have been in receipt of a final determination related to the CUP was when she procured the CUP from the register of deeds office on October 11, 2016. We leave for another day, and briefing on the matter, whether an interested person's own procurement of a CUP from the register of deeds definitively constitutes receipt of a final determination related to it. It is sufficient for purposes of this appeal that we conclude Zelman timely filed her amended complaint because she filed it within thirty days of October 11, 2016, the date she came into possession of the CUP.
By the Court. -Order affirmed in part; reversed in part and cause remanded.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Wisconsin Stat. § 68.07 provides:
Reducing determination to writing. If a determination subject to this chapter is made orally or, if in writing, does not state the reasons therefor, the municipal authority making such determination shall, upon written request of any person aggrieved by such determination made within 10 days of notice of such determination, reduce the determination and the reasons therefor to writing and mail or deliver such determination and reasons to the person making the request. The determination shall be dated, and shall advise such person of the right to have such determination reviewed, the time within which such review may be obtained, and the office or person to whom a request for review shall be addressed.

There is no suggestion by the parties that the September 19, 2016 Town Board hearing was a hearing under Wis. Stat. § 68.11 or a hearing "substantially meeting the requirements of [§] 68.11," and we can see no reason to conclude that it was. See Wis. Stat. § 68.12(2). Section 68.11 hearings allow for, among other things, the appellant and the municipal authority to "present evidence and call and examine [sworn] witnesses." See § 68.11(2). Respondents acknowledge the September 19, 2016 hearing was not such a hearing.

What if Zelman had to depart prior to the Town Board's vote on the CUP? Would she have been in "receipt" of the Town Board's vote or "final determination" then? And, can we assume the average citizen attending the hearing through the vote would conclude that a failed vote on a motion to deny the CUP, as opposed to a successful vote in affirmance of the CUP, might constitute a "final determination" for purposes of Wis. Stat. ch. 68?

We note that our understanding of the word "receipt" in the context of Wis. Stat. ch. 68 appears consistent with other Wisconsin case law considering the meaning of the word. See Bundy v. Kenosha Cty. DSS , 81 Wis.2d 32, 36, 259 N.W.2d 701 (1977) (" 'Recipient' is defined in Webster's Third New International Dictionary (1965), p. 1895, as 'one that receives.' The first meaning given to 'receive' in the same standard word (p. 1894) is 'to take possession or delivery of.' "); Gerner v. Vasby , 75 Wis.2d 660, 668, 250 N.W.2d 319 (1977) ("[T]here could be no receipt without a delivery."); State v. Vlahos , 50 Wis.2d 609, 617, 184 N.W.2d 817 (1971) (in a criminal context of "receiving" gambling bets, the court stated: "By definition, the word 'receive' connotes the acceptance or taking possession or delivery of something.").