**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 29, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP1800**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018CV10471**

**IN COURT OF APPEALS
DISTRICT I**

APYS CARS, INC.,

　　　PETITIONER-RESPONDENT,

　V.

CITY OF MILWAUKEE,

　　　DEFENDANT-APPELLANT.

　　　APPEAL from an order of the circuit court for Milwaukee County:
MARY E. TRIGGIANO, Judge. *Reversed*.

　　　Before Dugan, Donald and White, JJ.

　　　**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The City of Milwaukee appeals an order of the circuit court reversing a decision of the Milwaukee Common Council (Common Council) to not renew the Recycling, Salvaging, or Towing Premises license held by Apys Cars, Inc. (ACI).

## BACKGROUND

¶2 On May 25, 2018, ACI applied to renew its Recycling, Salvaging, or Towing Premises license with the City of Milwaukee. The application included a signature line, and below the line were the following words: "Signature of Sole Proprietor; a Partner; or if a Corporation or LLC, the Agent must sign[.]" Diana Blas signed the renewal form on behalf of ACI.

¶3 Following private citizen objections to ACI's renewal application, along with an objection from the Milwaukee Department of Public Works on the basis of over $40,000 in unpaid fees, the matter was scheduled for a public hearing before the Licenses Committee of the Common Council ("Licenses Committee") on July 17, 2018. The notice, which was addressed to Blas as ACI's agent, informed ACI that "[t]here is a possibility that your application may be denied for ... any ... factor which reasonably relates to the public ... welfare[.]" The notice also provided, in pertinent part:

> Failure to appear at this meeting may result in the denial of your license. Individual applicants must appear only in person or by an attorney. Corporate or Limited Liability applicants must appear only by the agent designated on the application or by an attorney. Partnership applicants must appear by a partner listed on the application or by an attorney. If you wish to do so and at your own expense, you may be accompanied by an attorney of your choosing to represent you at this hearing.
>
> You will be given an opportunity to speak on behalf of the application and to respond and challenge any charges or reasons given for the denial[.]

¶4    Blas appeared at the July 17, 2018 hearing, along with her husband Jamie; both were sworn in.  After considering all the testimony, the Licenses Committee gave ACI an opportunity to negotiate a payment plan with the Kohn Law Firm for the unpaid fees, and adjourned the hearing until September 11, 2018.  ACI was sent a notice of the hearing date on August 29, 2018.  The notice was addressed to Blas.  The notice stated that for testimony or additional information regarding the license to be considered, "[Blas] must appear in person and testify[.]"

¶5    Blas did not appear at the September 11, 2018 hearing.  Jamie appeared on her behalf.  The Licenses Committee allowed Jamie to be sworn in, but made it clear that it could not take any action in Blas's absence.  Jamie then explained that ACI's attempts to negotiate a payment plan with the Kohn Law Firm were unsuccessful.  The hearing was adjourned so that Blas could appear and a third hearing was scheduled for October 2, 2018.  Another notice, addressed to Blas, was sent to ACI with the new hearing date.

¶6    Blas did not attend the October 2, 2018 hearing, and no other individuals appeared on ACI's behalf.  The Licenses Committee moved to recommend nonrenewal of the Recycling, Salvaging, or Towing Premises license based on a second nonappearance.

¶7    Pursuant to MILWAUKEE CODE OF ORDINANCES (MCO) § 85-5, the Licenses Committee prepared Findings of Fact and Conclusions of Law that included its recommendation to the Common Council of nonrenewal of the license based on a second nonappearance.  The Findings of Fact and Conclusions of Law were sent to Blas, along with notice of another hearing date, and Blas's right to object to the Licenses Committee's Findings of Fact and Conclusions of Law:

>You are hereby notified that the Milwaukee Common Council will hold a hearing on Tuesday, October 16, 2018, ... to consider whether to renew ... or not renew [ACI's Recycling, Salvaging, or Towing Premises license].
>
>Attached you will find a copy of the Report of the Licenses Committee, which includes its Findings of Fact, Conclusions of Law, and Recommendation, recommending nonrenewal of [ACI's Recycling, Salvaging, or Towing Premises license] based on the second nonappearance.
>
>Please be advised that the Common Council will determine whether to renew ... or not renew the [Recycling, Salvaging, or Towing Premises license] based upon the Findings of Fact contained within the Licenses Committee report.
>
>You may file a written response to the report of the Licenses Committee. The written response must be filed with the City Clerk by 4:45 p.m. on Wednesday, October 10, 2018 in Room 205 of City Hall. If you wish to file your objections via e-mail, they must be sent to both iowcza@milwaukee.gov and molly.kuether-steele@milwaukee.gov. You will be sent an e-mail notification that your objections were received within 24 hours. If you do not receive this notification, please contact City Clerk Jim Owczarski at (414) 286-2998. If you file written objections, you or a legal representative may then also appear at the Common Council to make oral arguments supporting the written objections. You will be given approximately five minutes to present oral argument.

¶8      Blas did not file any written objections. Instead, on October 4, 2018, ACI's attorney contacted two Common Council members in an attempt to convince them to vote in ACI's favor. Among other things, the attorney informed them that ACI and the Kohn Law Firm had successfully negotiated a payment plan. Two attorneys for ACI appeared at the October 16, 2018 hearing; however, the attorneys were advised that because no written objections were filed to the Licenses Committee's Findings of Fact and Conclusions of Law, the attorneys could not present an oral argument. The Common Council unanimously voted not to renew the license based on the second nonappearance.

¶9 On November 12, 2018, ACI requested by mail a Review for Determination of the Common Council decision. The City, through the City Attorney's Office, refused this request. ACI filed a Petition for Certiorari Review with the Milwaukee County Circuit Court. The circuit court reversed the Common Council's decision, finding, as relevant to this appeal, that the City erroneously refused to issue a "decision on review" within the meaning of WIS. STAT. § 68.09(5) (2017-18),[1] after ACI submitted its "request for review of determination" under WIS. STAT. § 68.08. Specifically, the circuit court found that the City did not "opt out" of the administrative obligations of WIS. STAT. ch. 68. The circuit court also found that the doctrine of exhaustion did not "relieve the City from performing its statutory obligations" because "[d]espite ACI's failure to appear before the Licenses Committee, ACI was fully prepared to testify before the Common Council. ACI then attempted to exhaust its administrative remedies by requesting administrative relief under Chapter 68. Its request, however, was ignored." This appeal follows.

## DISCUSSION

¶10 On appeal, the City argues that the circuit court erred in determining that the doctrine of exhaustion of administrative remedies did not "relieve the City from performing its statutory obligations" because the circuit court's finding was based on the wrongful determination that the City did not opt out of the administrative review procedures of WIS. STAT. ch. 68. We agree.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶11 WISCONSIN STAT. ch. 68 governs municipal administrative procedure. Under WIS. STAT. § 68.16 a municipality may elect to opt out of all or part of ch. 68. To determine whether the City has elected not to be governed by ch. 68, we must interpret § 68.16. The interpretation of a statute presents a question of law which this court reviews *de novo*. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶¶44-51, 271 Wis. 2d 633, 681 N.W.2d 110. "Our primary purpose when interpreting a statute is to give effect to the legislature's intent." *Zelman v. Town of Erin*, 2018 WI App 50, ¶12, 383 Wis. 2d 679, 917 N.W.2d 222. "We first look to the language of the statute, and if the language is clear and unambiguous, we define the language of the statute in accordance with its ordinary meaning." *Id.* (citation omitted). Section 68.16 reads:

> **Election not to be governed by this chapter.** The governing body of any municipality may elect not to be governed by this chapter in whole or in part by an ordinance or resolution which provides procedures for administrative review of municipal determinations.

¶12 We conclude that the language of WIS. STAT. § 68.16 is clear and unambiguous. Therefore, we must interpret the statute in accordance with the ordinary meaning of its terms. *See Zelman*, 383 Wis. 2d 679, ¶12. Section 68.16 clearly states that a municipality may "elect" not to be governed by a part of WIS. STAT. ch. 68 by passing an ordinance or resolution. The ordinary meaning of the verb "elect" is "to choose." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 731 (1993). Therefore, in order for a municipality to elect not to be governed by a particular section of Chapter 68, the municipality must enact an ordinance or resolution which shows that it chooses to "opt out" of that particular section.

6

¶13    The City enacted Chapter 85 of the MILWAUKEE CODE OF ORDINANCES to generally govern license and permit procedures, including review procedures.  MCO § 85-5-4-d provides that:  "[a]pplicants shall appear only in person or by counsel.  Corporate applicants shall appear only by designated agents or counsel….  Limited liability companies shall be represented only by designated agents or counsel."  Applicants also have the opportunity to object to the report and recommendations prepared by the Licenses Committee pursuant to MCO § 85-5-2, which provides:

> Following a recommendation by the committee that the license or permit not be renewed, or that the license or permit be revoked or suspended, the applicant may submit a written statement including objections, exceptions and arguments of law and fact....  Written statements shall be filed with the city clerk before the close of business on a day that is at least 3 working days prior to the date set for hearing by the common council.

The code further provides, in MCO § 85-5-4-c, that:

> Oral argument on behalf of the applicant, and oral argument by the complainant or objector, if any, shall be permitted only to those parties having timely filed a written statement.  Oral argument shall be limited to 5 minutes. The city attorney shall also be permitted to make an oral presentation of not more than 5 minutes.

¶14    We agree with the City that MCO ch. 85 is completely self-contained and provides all the requisite due process protections for license applications.  Accordingly, we conclude that the City properly opted out of the administrative review procedures of WIS. STAT. ch. 68.

¶15    Having determined that the City opted out of the administrative review procedures of WIS. STAT. ch. 68, we turn to the question of whether ACI complied with the procedures set forth in MCO ch. 85.  We conclude that ACI

failed to comply with the requisite procedures laid out by ch. 85 and, therefore, failed to exhaust its administrative remedies.

¶16    The requirement that parties exhaust their administrative remedies "'is a doctrine of judicial restraint, justified by good policy reasons.' It permits the administrative agency to apply its own expertise to the matter, promotes judicial efficiency, and may provide the court with greater clarification of the issues in the event the matter is not resolved before the agency." *St. Croix Valley Home Builders Ass'n, Inc. v. Township of Oak Grove*, 2010 WI App 96, ¶11, 327 Wis. 2d 510, 787 N.W.2d 454 (citation omitted).

¶17    The Licenses Committee sent Blas multiple notices, in accordance with MCO ch. 85, giving her the opportunity to appear at multiple hearings to present her argument for license renewal. Blas failed to appear at those hearings; instead, Jamie—a non-registered agent—appeared at one hearing, and no representative from ACI appeared at the next. When the Common Council ultimately voted for nonrenewal based on Blas's second failure to appear, it sent Blas a notice again giving her the opportunity to contest the decision in accordance with the appropriate ordinances. Blas failed to file the requisite written objection. ACI does not argue that it complied with the ordinance provisions regarding filing objections and written statements, but rather, argues that it exhausted all of its administrative remedies by submitting and following the procedures of WIS. STAT. ch. 68. Because we conclude that the City opted out of the administrative procedures outlined in ch. 68 by enacting its own ordinance and that ACI failed to comply with the procedures of the ordinance, we reverse the decision of the circuit court.

¶18     Based on ACI's failure to exhaust its administrative remedies, we need not reach the second question of certiorari review.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.