COURT OF APPEALS
DECISION
DATED AND FILED

January 14, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP385**

STATE OF WISCONSIN

Cir. Ct. No. 2024CV414

IN COURT OF APPEALS
DISTRICT II

---

OLIVER FIONTAR, LLC,

    PETITIONER-APPELLANT,

V.

CITY OF CEDARBURG,

    RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Ozaukee County: ADAM Y. GEROL, Judge. *Affirmed*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Oliver Fiontar, LLC ("Oliver") appeals from an order dismissing its petition for judicial review. Oliver sought to challenge an order issued by a City of Cedarburg (the "City") building inspector requiring Oliver to vacate and cease using a building it had acquired but for which it had not obtained an occupancy permit. The circuit court dismissed the petition because Oliver had brought the action against the City rather than its Board of Appeals (the "Board" or "Board of Appeals"), which reviewed and upheld the building inspector's order. Oliver argues the City is a proper party and, if it is not, that it should have been afforded an opportunity to amend its petition to name the Board of Appeals as a party. For the following reasons, we affirm.

## BACKGROUND

¶2    According to the allegations in its petition, Oliver acquired a commercial property in Cedarburg in 2018. The property is contaminated, and Oliver agreed that it would only develop the property if the City cleaned up the contamination. While it waited for the City to remediate the property, Oliver secured it with locked fencing and stored some property there.

¶3    In the summer of 2024, Oliver reported to police that unknown persons had broken into the site and damaged some of the property it had stored there. In August of that year, the City's building inspector issued an order to Oliver "to cease all occupancy and use of" the property within seven days and thereafter until the City issued Oliver an occupancy permit. The order cited a City zoning ordinance requiring the owner of a commercial property to obtain a permit before occupying it. *See* CEDARBURG, WIS., CODE OF ORDINANCES

§ 13-1-225(a)(2) (2025).[1] The order advised Oliver that failure to comply could result in enforcement through, among other things, "an action for injunctive relief and for daily forfeitures." The order also advised Oliver that it could appeal the order to the Board of Appeals within 30 days.

¶4 Oliver timely appealed the order to the Board of Appeals, which held a hearing on September 25, 2024. At the conclusion of the hearing, the Board voted to deny the appeal; a written notice of its decision dated September 27 was sent to Oliver's counsel. The notice stated that the Board of Appeals had considered Oliver's appeal and that the Board members had unanimously voted to deny it. The notice stated further that "[t]his decision may be appealed by an action of certiorari in circuit court, within 30 days of the Board's decision."

¶5 Oliver filed this action on October 25, 2024, pursuant to WIS. STAT. § 68.13 (2023-24)[2] and CEDARBURG, WIS., CODE OF ORDINANCES § 13-1-209. Oliver alleged that the building inspector's order violated his due process rights, "was contrary to law," "otherwise arbitrary and oppressive," and was not supported by evidence in the record.

¶6 The City moved to dismiss Oliver's petition, arguing that it had improperly sued the City because the Board of Appeals was the proper party under *Acevedo v. City of Kenosha*, 2011 WI App 10, 331 Wis. 2d 218, 793 N.W.2d 500 (2010), and *Zelman v. Town of Erin*, 2018 WI App 50, 383 Wis. 2d 679, 917

---

[1] The City of Cedarburg's Code of Ordinances is available at https://library.municode.com/wi/cedarburg/codes/code_of_ordinances.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

N.W.2d 222.  The City also argued that Oliver had not pled sufficient facts that would entitle it to relief.

¶7    The circuit court scheduled a hearing on the City's motion for January 8, 2025.  The day before the hearing, Oliver filed a letter with the court explaining that although it disagreed with the City's position that the Board of Appeals was the proper party, "it ha[d] the right to amend its pleadings -- which would include naming the Board as a separate party."  However, rather than filing an amended petition, the letter advised that Oliver would amend its pleading if the City continued to argue that the Board of Appeals was the proper party.  Later that day, the City responded with its own letter to the court, asserting that Oliver's potential amendment "would not relate back under WIS. STAT. § 802.09(3), and [would] therefore be time-barred for not being filed within 30 days of the Board's written notice."

¶8    At the hearing on the City's motion the following day, Oliver again raised the prospect of amending its petition.  It "request[ed] that the motion be dismissed and an opportunity to amend the proceedings to bring the Board of Appeals in, to at least name them."  Just before the circuit court announced its decision, Oliver again asked for "an opportunity to amend to allow the Board of Appeals [to be added] as a party[.]"

¶9    The circuit court granted the City's motion.  It concluded that *Acevedo* was the controlling precedent and that it required Oliver to bring its action against the Board of Appeals rather than the City.  Turning to Oliver's proposed amendment, the court stated that it "ha[d] to deal with this case in the posture in which it now stands … and, if it's improperly brought at the front end, the [c]ourt simply doesn't have competency to entertain anything, whether the

filing before it or any contemplated future filing down the road." The court indicated that "because the proper party was not named," it lacked the power "to engage in a certiorari action over the … Board of Appeals[.]" The court further stated that Oliver could not save its action "by bringing in the proper party after the 30 days … have [ex]pired." Because Oliver had not named the proper party, the court concluded that it was required to dismiss Oliver's petition.[3]

## DISCUSSION

¶10 On appeal, Oliver raises two issues for our review: (1) whether the circuit court correctly concluded that its petition failed to state a claim upon which relief could be granted because the City was not a proper party; and (2) whether the court correctly declined to allow Oliver to amend the petition to name the Board of Appeals as a party.

¶11 Whether Oliver's petition fails to state a claim for relief because the City is not a proper party is a question of law that we review de novo. *See Zelman*, 383 Wis. 2d 679, ¶7.

¶12 Oliver argues that it properly named the City in this action under WIS. STAT. ch. 68 because the City "asserted a penalty/sanction against Oliver" and "sought to change [Oliver]'s property use[.]" It contends that *Acevedo* does

---

[3] The circuit court also addressed, and agreed with, the City's contention that Oliver's petition had not alleged facts sufficient to state a claim for relief. The court concluded that the petition did not allege facts that would support a conclusion that the Board had committed any of the four errors redressable in a certiorari action. *See Ottman v. Town of Primrose*, 2011 WI 18, ¶¶35-36, 332 Wis. 2d 3, 796 N.W.2d 411 (explaining that in certiorari review, "[t]he court's review is limited to: (1) whether the municipality kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question").

not control here because the Board of Appeals "made no decisions" but instead "simply denied Oliver's 'appeal.'" Thus, Oliver contends, "the decision-making at issue in this case remains that of the City."

¶13     The City disagrees, arguing that *Acevedo* controls the outcome here. It also contends that the building inspector's order is not reviewable under WIS. STAT. ch. 68 because it was reviewable under another statute, WIS. STAT. § 62.23(7)(e)4. *See* WIS. STAT. § 68.03(2) (stating that "[a]ny action subject to administrative or judicial review procedures under other statutes" is "not reviewable under this chapter"). In addition, the City contends that the order is not reviewable under ch. 68 because it did not impose a penalty or sanction on Oliver. *See* WIS. STAT. § 68.02(4) (permitting review under ch. 68 of a determination that "impos[es] … a penalty or sanction upon any person except a municipal employee or officer, other than by a court").

¶14     We agree with the City that *Acevedo* is controlling: it squarely addresses the same issue presented here on materially indistinguishable facts. *Acevedo* involved a child care center operator who was ordered to cease operating the center because it violated a city zoning ordinance. *Acevedo*, 331 Wis. 2d 218, ¶¶1, 4.     After receiving a cease-and-desist letter from the city's Zoning Coordinator, Acevedo filed an appeal with the city's zoning board of appeals, which affirmed the decision. *Id.*, ¶¶3, 5. Acevedo then commenced a certiorari action against the city, which she later amended to add the zoning board of appeals. *Id.*, ¶6. The city filed a motion to dismiss, arguing that it was not a proper party. *Id.* The circuit court agreed and dismissed Acevedo's claim against the city. *Id.*

¶15    On appeal, we concluded that the city had been properly dismissed. *Id.*, ¶1. We examined the statutes in WIS. STAT. ch. 62 and WIS. STAT. ch. 68 cited by Acevedo as grounds for her suit, WIS. STAT. §§ 62.23(7)(e)10. and 68.13(1), and concluded that they both "convey[] that the decision maker, i.e., the board, is the properly named party on certification[.]" *Acevedo*, 331 Wis. 2d 218, ¶16. This conclusion, we wrote, "is in harmony with the rule that the writ of certiorari must go to the board or body whose acts are to be reviewed, otherwise the court cannot obtain jurisdiction either of the subject matter or the persons composing the board." *Id.*, ¶17.[4] Regardless of whether her lawsuit was properly brought under ch. 62 or ch. 68, the zoning board of appeals was the proper party because it "made the decision from which Acevedo [sought] judicial review by certiorari." *Acevedo*, 331 Wis. 2d 218, ¶18.

¶16    We reached a similar conclusion in ***Zelman***. There, Zelman challenged a town's decision to approve a conditional use permit (CUP) allowing her neighbor to open a business on the neighbor's property. *Zelman*, 383 Wis. 2d 679, ¶2. After the town's planning commission approved the CUP, Zelman appealed that decision to the town board, whose members split evenly resulting in the failure of her appeal. *Id.* Zelman then filed a certiorari action against the

---

[4] We acknowledged two exceptions to this rule in ***Acevedo***:

> (1) "where specially provided by statute, or in particular cases of necessity, as where the board or body whose acts are sought to be reviewed is not continuing or has ceased to exist," and (2) when service requirements are ambiguous and there is an absence of a clear statutory identity of the board or body[.]

*Acevedo v. City of Kenosha*, 2011 WI App 10, ¶17, 331 Wis. 2d 218, 793 N.W.2d 500 (internal citation omitted). Oliver does not argue that the present case fits within either of these exceptions.

town, which she later amended to add the planning commission and the town board as parties. *Id.*, ¶4. The circuit court dismissed her claim against the town because it had not issued the CUP and dismissed her claim against the town board and the planning commission because she had not filed her amended petition adding them to the action within 30 days after the town board's vote as required under WIS. STAT. § 68.13(1). *Zelman*, 383 Wis. 2d 679, ¶4. On appeal, we affirmed the dismissal of Zelman's claim against the town. *Id.*, ¶¶1, 10. Applying *Acevedo*, which we deemed controlling, we concluded that "[t]he [p]lan [c]omission and [t]own [b]oard—not the '[t]own'—made the actual decisions from which Zelman seeks judicial review by certiorari." *Zelman*, 383 Wis. 2d 679, ¶10.

¶17 So too here. "'Certiorari is an extraordinary remedy by which courts exercise supervisory control over inferior tribunals, quasi-judicial bodies[,] and officers.'" *Id.*, ¶9 (citation omitted). The City is not a tribunal, quasi-judicial body, or officer. The proper party in Oliver's certiorari action is the entity that "made the decision from which [it] seeks judicial review[.]" *See Acevedo*, 331 Wis. 2d 218, ¶18. Here, that entity is the Board of Appeals. The facts as alleged in Oliver's petition indicate that the building inspector issued the order to cease occupancy and use of the property. Oliver sought review of that order by the Board of Appeals. The Board later heard Oliver's appeal and voted unanimously to deny it. Oliver correctly notes that the written notice of the Board's decision gave no reasons for the Board's decision, but it is incorrect to suggest that the Board "made no decisions." The Board's denial of Oliver's appeal was its decision, and it was the final decision made with respect to the building inspector's order before Oliver commenced this lawsuit.

¶18    This sequence of events mirrors that in *Acevedo*, where the cease-and-desist letter from a city official was followed by an appeal to the city's board of appeals, and then by a lawsuit. *Id.*, ¶¶3, 5-6. Thus, the proper party to Oliver's certiorari action—the decisionmaker—is the Board of Appeals. The written notice of the Board of Appeals' decision provided to Oliver conveyed this conclusion when it stated that "[t]his decision may be appealed by an action of certiorari in circuit court, within 30 days of the Board's decision." Thus, the court correctly concluded that the Board, rather than the City, was the proper party to this action.

¶19    Turning to the second issue Oliver raised, the circuit court declined to allow Oliver to amend its petition to name the Board of Appeals at the January 8, 2025 hearing on the City's motion to dismiss. The court noted that Oliver had not filed a motion to amend, stated that it "ha[d] to deal with this case in the posture in which it now stands[,]" and concluded that because the City was not the proper party, the court lacked competency over the lawsuit and could not "entertain anything, whether the filing before it or any contemplated future filing down the road."

¶20    Oliver contends that it had a right under WIS. STAT. § 802.09(1) to amend its petition "as a matter of course" once within six months after it was filed, which it "preserved" by notifying the circuit court that it would name the Board of Appeals in an amended pleading. It argues that this was sufficient to preserve its right to amend and that the court erred in not granting Oliver an opportunity to do so. The City again disagrees, noting that Oliver did not file an amended petition or a motion seeking leave to file such a petition before the hearing on the motion to dismiss. Thus, in its view, the court did not deny Oliver the ability to file an amended petition, it simply ruled on the motion to dismiss based on the pleading that was before it.

¶21   We agree with the City.  Oliver first informed the circuit court of the possibility that it would amend its petition to name the Board of Appeals as a party the day before the motion to dismiss hearing.  It also referenced a potential amendment at the hearing itself.  But it did not actually file an amended petition before the hearing.  Nor did it file a motion seeking leave to do so.  Thus, assuming without deciding that Oliver had a right under WIS. STAT. § 802.09 to amend its petition, the record indicates that it did not exercise that right before the court considered the City's motion to dismiss.  That left its petition against the City as the operative pleading in the case.  And in concluding that the City was not a proper party, the court determined that it lacked competency—that is, the ability to exercise its subject matter jurisdiction—over this action.  *See **Village of Trempealeau v. Mikrut***, 2004 WI 79, ¶2, 273 Wis. 2d 76, 681 N.W.2d 190.  Given this conclusion, the court was correct to grant the City's motion and dismiss the case.

*By the Court*.—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.