COURT OF APPEALS
DECISION
DATED AND FILED

November 4, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP475**

Cir. Ct. No. 2019TR2191

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN THE MATTER OF THE REFUSAL OF JACK RAY ZIMMERMAN, JR.:

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

JACK RAY ZIMMERMAN, JR.,

  DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Washington County: JAMES K. MUEHLBAUER, Judge. *Affirmed*.

¶1     GUNDRUM, J.[1]  Jack Ray Zimmerman, Jr., appeals from an order denying his motion to dismiss the complaint and revoking his operating privileges based upon his refusal to submit to a breath test following his arrest for operating a motor vehicle while intoxicated (OWI), third offense.  For the following reasons, we affirm.

## Background

¶2     After Zimmerman's arrest for OWI, third offense, the deputy read to him the Informing the Accused form and asked him if he would submit to a breath test, to which Zimmerman responded, "No."  The deputy then issued Zimmerman a Notice of Intent to Revoke Operating Privilege.

¶3     After the refusal hearing, Zimmerman filed a motion to dismiss the complaint, arguing that his convictions for violations of WIS. STAT. §§ 940.09(1), Homicide by Intoxicated Use of a Vehicle or Firearm, and 940.25(1), Injury by Intoxicated Use of a Vehicle, in 1988 should not be considered as penalty enhancers, which make the current charge his third OWI.  The circuit court rejected this argument and ordered Zimmerman's operating privileges revoked for three years.  Zimmerman appeals.

## Discussion

¶4     Zimmerman summarizes the issue before us on appeal as "whether [his] offenses for violations under [WIS. STAT.] §§ 940.09(1) & 940.25(1) which occurred prior to January 1, 1989[,] ought to be counted as penalty enhancers in

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18).  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

drunk driving related prosecutions." To answer this question, we must interpret WIS. STAT. § 346.65(2)(am). The interpretation of a statute is a question of law we review de novo. *State v. Carter*, 2010 WI 132, ¶19, 330 Wis. 2d 1, 794 N.W.2d 213.

¶5 WISCONSIN STAT. § 346.65(2)(am) provides:

Any person violating [WIS. STAT. §] 346.63(1):

....

3. … [S]hall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 45 days nor more than one year in the county jail *if* the number of convictions under [WIS. STAT. §§] 940.09(1) and 940.25 *in the person's lifetime*, plus the total number of suspensions, revocations, and other convictions counted under [WIS. STAT. §] 343.307(1), equals 3 ….

(Emphasis added.)

¶6 Zimmerman contends that "the notion of 'lifetime' counting ... did not actually include the accused's entire natural life." Considering "enabling"/"implementation" language related to an earlier version of this statute, he posits that the legislature must have intended that violations of WIS. STAT. §§ 940.09(1) and 940.25(1) "were to be counted for the person's lifetime *beginning with the date of January 1, 1989 expressly set forth in Act 237*." (Underlining added.) Alternatively, Zimmerman asserts that WIS. STAT. § 346.65(2)(am) is ambiguous and therefore we must interpret it in his favor due to the "Rule of Lenity."

¶7 We see no ambiguity here as this statute is as plain as they come, and there is no reason to look outside of it. *See Zelman v. Town of Erin*, 2018 WI App 50, ¶12, 383 Wis. 2d 679, 917 N.W.2d 222 (in interpreting a statute, "[w]e first look to the language of the statute, and if the language is clear and

unambiguous, we define the language of the statute in accordance with its ordinary meaning" (citation omitted)). Under the language chosen by the legislature, if at any time during a person's life he/she was convicted under WIS. STAT. §§ 940.09(1) or 940.25(1), each such conviction shall be counted. There simply is no other reasonable way to read the language.

¶8 Because there is no dispute that prior to his arrest in this case Zimmerman was convicted of one count of WIS. STAT. § 940.09(1) and one count of WIS. STAT. § 940.25(1), the circuit court properly found that his offense in this case was a third offense. Thus, we affirm.[2]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] Zimmerman also argues: "If this court concludes that Mr. Zimmerman was mischarged, Deputy Conery's informing him that he was a 'third offender' impermissibly interfered with his right to make an informed decision regarding whether he should submit to an implied consent test." Because we conclude that Zimmerman was not "mischarged," this issue falls away.

Zimmerman also asserts, in his reply brief, that we should summarily reverse the order of the circuit court because the State's response brief on appeal was untimely. He recognizes that this is a discretionary decision on our part. *See Raz v. Brown*, 2003 WI 29, ¶14, 260 Wis. 2d 614, 660 N.W.2d 647. We decline to so exercise our discretion.