*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 1, 2024

Plaintiff-Appellee,

v

No. 366366
Macomb Circuit Court
LC No. 2022-000051-FC

RAYSHAWN OMARIO COLE-SPRAGGINS,

Defendant-Appellant.

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of carjacking, MCL 750.529a; armed robbery, MCL 750.529; and two counts of possession of a pneumatic gun during the commission of a felony (felony-firearm), MCL 750.227b(2). The trial court sentenced defendant to 84 to 360 months' (7 to 30 years') imprisonment for carjacking and armed robbery, and two years' imprisonment for each felony-firearm conviction. We affirm defendant's convictions but vacate the sentences for carjacking and armed robbery, and remand this matter for resentencing.

## I. FACTS

This case arises from a carjacking and robbery in the parking lot of a Walmart in Roseville, Michigan. That evening, while the victim walked to his car, defendant approached him to ask when the store closed. Defendant then pulled out a gun and demanded the victim's keys and cell phone. The victim gave defendant his keys and cell phone before running back into the store. Defendant then drove off in the victim's car, a silver Ford Fusion. The victim was unable to identify defendant because he was wearing a mask that covered his face except for his eyes and the top part of his nose. The victim described the perpetrator as about 5 foot 7 inches in height, wearing dark colored clothing, with a "young" voice.

Shortly after the incident, the victim downloaded the Ford application on his brother's cell phone to track his stolen car. When he received two possible locations for his car in Detroit, the victim called the Detroit Police Department and told them the locations. The next morning, Detroit police officers found the victim's car in a driveway at one of the locations. After approaching and opening the car door, the officers found defendant inside along with a pneumatic (BB) gun and a

-1-

cell phone. When the victim came to the scene, he identified the gun as the one used during the carjacking and armed robbery.

A jury convicted defendant as charged. At sentencing, defendant objected to the trial court assessing 25 points for offense variable (OV) 13 on the basis of the prosecution using a dismissed armed-robbery case as the third crime in scoring this variable. The trial court assessed 25 points for OV 13, over defendant's objection. Defendant now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues there was insufficient evidence to prove he committed the crimes. Defendant does not dispute that the victim was carjacked. Instead, defendant asserts that because the victim was unable to identify defendant as the perpetrator, he could not be found guilty beyond a reasonable doubt. We disagree.

### A. STANDARDS OF REVIEW

This Court reviews de novo a claim of insufficient evidence. *People v Lowrey*, 342 Mich App 99, 122; 993 NW2d 62 (2022). "In examining the sufficiency of the evidence, 'this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt.' " *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012), quoting *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Lymon*, 342 Mich App 46, 56; 993 NW2d 24 (2022) (quotation marks and citations omitted).

### B. ANALYSIS

Defendant argues there was insufficient evidence to sustain his convictions because there was no evidence provided by the prosecution to prove defendant was the perpetrator who carjacked and robbed the victim at gunpoint. A challenge to the sufficiency of evidence implicates due process. *People v Darga*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363178); slip op at 5. "Due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact to conclude that the defendant is guilty beyond a reasonable doubt." *Id*. (citation omitted).

Evidence is sufficient for a guilty verdict when " 'a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' " *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010), quoting *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). "The prosecution need not negate every reasonable theory of innocence; instead, it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018) (citation omitted). " 'Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.' " *People v Oros*, 502 Mich 229, 239; 917 NW2d 229 (2018), quoting *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the

evidence and to determine the weight to be accorded those inferences." *Hardiman*, 466 Mich at 428.

Defendant contends the evidence used to show he was the perpetrator who carjacked and robbed the victim with a gun was insufficient to establish his identity beyond a reasonable doubt. The carjacking statute provides as follows:

> A person who in the course of committing a larceny of a motor vehicle uses force or violence or the threat of force or violence, or who puts in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle, is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years. [MCL 750.529a.]

In accordance with MCL 750.529, the elements required to establish armed robbery are:

> (1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*People v Muhammad*, 326 Mich App 40, 61; 931 NW2d 20 (2018) (citation omitted).]

In the context of armed robbery, "[t]he legislative definition of 'in the course of committing a larceny' specifically includes acts that occur in an attempt to commit the larceny." *People v Williams*, 288 Mich App 67, 75; 792 NW2d 384 (2010). And the elements of felony-firearm are (1) the defendant possessed a firearm or pneumatic gun (2) during the commission of, or the attempt to commit, a felony. MCL 750.227b(1) and (2); *People v Bass* 317 Mich App 241, 268-69; 893 NW2d 140 (2016).

It is well known that identity is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). As noted previously, it is the trier of fact who determines what inferences and conclusions may be drawn from the evidence. *Hardiman*, 466 Mich at 428.

Defendant argues the victim's testimony was insufficient to identify defendant as the carjacker. Defendant asserts that the victim did not identify defendant as the carjacker. Further, defendant argues he was not wearing clothing as described by the victim. Defendant was dressed in a hooded jacket with a yellow stripe on it and sweatpants with lettering on them. The victim described the perpetrator as dressed in all black or clothing dark in color, and defendant's clothing had color. Defendant insists this evidence was insufficient to prove defendant was the perpetrator.

Defendant's argument focuses solely on the evidence beneficial to him, but fails to address the other circumstantial evidence proving the perpetrator's identity. When reviewing for sufficiency of the evidence this Court must instead view the evidence in the light most favorable to the prosecution. *Reese*, 491 Mich at 139. Indeed, one of the most pertinent pieces of evidence regarding identity was the fact defendant was found in the victim's car the morning after it was

stolen with his fingerprints on the car's rearview mirror. A reasonable juror could conclude defendant and his prints were inside the stolen vehicle because defendant stole the vehicle the night before. See *Hardiman*, 466 Mich at 428. Additionally, a pneumatic gun was found with defendant in the car, and the gun was positively identified by the victim as the gun used by the carjacker. In light of this evidence, it would be reasonable for a juror to infer, because defendant was found with the gun used to rob and carjack the victim, defendant was the perpetrator of those crimes.

Further, when arrested, defendant informed police the gun was fake, or pneumatic. His knowledge of that fact suggests defendant's familiarity with the gun. And, because the victim identified the pneumatic gun as the one used during the robbery, a juror could reasonably infer defendant was the perpetrator who used the pneumatic gun to rob and carjack the victim.

Defendant's argument effectively claims the circumstantial evidence from which the jury concluded he committed the charged crimes was insufficient because there was no direct evidence of his identity as the perpetrator. However, the law is clear that a defendant can be convicted solely on the basis of circumstantial evidence so long as it establishes guilt beyond a reasonable doubt. *Oros*, 502 Mich at 239. The jury reviewed the evidence and the defense's theory of the facts and concluded there was sufficient evidence to identify defendant as the perpetrator who carjacked and robbed the victim at gunpoint. It is up to the jury, not this Court, "to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Hardiman*, 466 Mich at 428. Here, the jurors inferred defendant was the perpetrator because he and his fingerprints were found in the stolen vehicle, and he was familiar with the gun used to commit the charged crimes. It is not for this Court to reconsider or reweigh those reasonable inferences made by the jury. *Id.* When viewing this evidence in a light most favorable to the prosecution, there was sufficient evidence for a reasonable juror to determine defendant was the perpetrator.

III. OV 13

Defendant also argues the trial court erred when it assessed 25 points for OV 13. We agree.

A. STANDARD OF REVIEW

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citation omitted). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Davis*, 509 Mich 52, 68; 983 NW2d 325 (2022). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

B. ANALYSIS

Defendant argues the trial court erred when it assessed 25 points for OV 13. "Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). "When calculating the sentencing guidelines, a court may consider all record evidence,

including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008).

OV 13 addresses a "continuing pattern of criminal behavior." MCL 777.43(1). For this offense variable, 25 points are assessed when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). "For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

At sentencing, defendant objected to the prosecution's use of both jury convictions in this case and the use of a dismissed armed-robbery charge in 2021 for the scoring of OV 13. On appeal, defendant concedes the two jury convictions in this case count separately when assessing points for OV 13. Defendant now only argues the prosecution failed to prove he committed the 2021 armed robbery by a preponderance of the evidence.

On the day before the sentencing hearing, the prosecution filed a sentencing memorandum asserting an assessment of 25 points for OV 13 was appropriate. In support of this argument, the prosecution cited to the 2021 armed-robbery charge, which was ultimately dismissed at the preliminary examination. To meet its burden of a preponderance of the evidence, the prosecution provided three pieces of evidence attached to the sentencing memorandum. The first two pieces of evidence were statements from a witness and the victim of the 2021 armed robbery. Those statements do not specifically identify defendant as the perpetrator, instead indicting the perpetrator was "Tae Cole." The third piece of evidence, however, is an excerpt from a police report which reveals the witness and the victim identified defendant as the perpetrator. It stands to reason, then, that "Tae Cole" may have been an alias of defendant.

However, it is clear the trial court did not consider the evidence presented by the prosecution. Defendant argued that the evidence provided by the prosecution, in light of the armed-robbery charge being dismissed, was insufficient to meet the preponderance-of-the-evidence standard. The prosecution reminded the trial court that, under MCL 777.43(2)(a), a conviction was not necessary for the assessment of 25 points for OV 13. The trial court seemingly decided the statutory language settled the matter and assigned 25 points for OV 13. After making this finding, the trial court informed the prosecution it had not received or reviewed the sentencing memorandum. Consequently, at the time the trial court made the finding about the assessment of points for OV 13, it was not in possession of the evidence on which the prosecution was relying. As a result, it is unclear on what basis, if any, the trial court "found" an assessment of 25 points for OV 13 was warranted.

Although the record does contain evidence of a third felony to support the assessment of points challenged in this appeal, the trial court admittedly did not possess that evidence when it ruled on the issue. As such, it is difficult to interpret any alleged "findings of fact" by the trial court, implied or otherwise. With no finding of fact by the trial court regarding the dismissed armed-robbery charge, the trial court erred in assessing 25 points for OV 13. *Hardy*, 494 Mich at 438.

Alternatively, the prosecutor argues on appeal that defendant has two prior convictions for resisting or obstructing a police officer, MCL 750.81d(1), justifying the assessment of 25 points for OV 13 even without taking the dismissed armed-robbery charge into consideration. However, these prior convictions were not properly brought to the trial court's attention. See *Osantowski,* 481 Mich at 111 ("A trial court determines the sentencing variables by reference to the record….) The prosecution did not argue below that these charges should be a basis for assessing points under OV 13. While the PSIR includes both of the charges, those charges were pending at the time of the sentencing. The fact the charges existed, standing alone, could not prove defendant committed them by a preponderance of the evidence.

Defendant had a total OV score of 40 and a total Prior Record Variable (PRV) score of 20. This combination of scores placed defendant in the guidelines minimum sentence range of 81 to 135 months' imprisonment. MCL 777.62. Defendant's OV score placed him in Level III of the sentencing grid, which applies to ranges of scores from 40 to 59 points. *Id*. In other words, the floor for defendant's sentencing guideline range is a total OV score of 40. *Id*. As a result, any reduction in the points assessed for OV 13 would change defendant's minimum guidelines sentence range and would entitle defendant to be resentenced. See *People v Francisco*, 474 Mich 82, 89-91; 711 NW2d 44 (2006) (holding that a defendant is entitled for resentencing when there was an error in scoring that changes the guidelines range). A reduction in 25 points would change the guidelines minimum sentence range to 51 to 85 months' imprisonment. MCL 777.62. As such, defendant's sentences for armed robbery and carjacking should be vacated and remanded to the trial court for resentencing. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young